DAVID C. McELHINNEY, ESQ.
Nevada Bar No. 0033
*DMcElhinney@LRRLaw.com*
KRISTEN L. MARTINI, ESQ.
Nevada Bar. No. 11272
*KMartini@LRRLaw.com*
LEWIS ROCA ROTHGERBER LLP
50 West Liberty Street, Suite 410
Reno, Nevada  89501
Telephone:  (775) 823-2900
Facsimile:  (775) 823-2929

*In association with:*

RANDY J. SORIANO, ESQ. (*admitted pro hac vice*)
*rjsoriano@bryancave.com*
DANIEL A. CROWE, ESQ. (*admitted pro hac vice*)
*dacrowe@bryancave.com*
SCOTT E. YACKEY, ESQ. (*admitted pro hac vice*)
scott.yackey@bryancave.com
BRYAN CAVE LLP
211 North Broadway, Suite 3600
St. Louis, MO  63102-2750
Telephone:  (314) 259-2000
Facsimile:  (314) 259-2020

*Attorneys for Defendant Wahoo Fitness, L.L.C.
and Foundation Fitness, LLC*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| POWERbahn, LLC, | **Case No. 3:15-cv-00327-MMD-WGC** |
| Plaintiff, | |
| vs. | **FOUNDATION FITNESS, LLC'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS** |
| Foundation Fitness LLC, Wahoo Fitness L.L.C., and Giant Bicycle, Inc., | |
| Defendants. | JURY DEMAND |

Defendant Foundation Fitness, LLC ("Foundation") submits the following Answer, Affirmative Defenses, and Counterclaims to Plaintiff POWERbahn, LLC's ("Powerbahn" or "Plaintiff") Complaint (Doc. #1) alleging infringement of U.S. Patent Nos. 7,066,865 ("the '865 Patent"), 7,862,476 ("the '476 Patent"), 7,841,964 ("the '964 Patent"), and 7,608,015 ("the '015 Patent") (collectively, "the Patents-in-Suit").

1

6362898_1

**INTRODUCTION**

Foundation admits that Patrick Warner joined Foundation in 2010. Foundation denies that Patrick Warner brought source code and "virtual flywheel" technology to Foundation or that Patrick Warner breached any licensing agreement. Foundation denies that it copied Plaintiff's technology. Foundation admits that Wahoo Fitness L.L.C. ("Wahoo") sells the KICKER POWER TRAINER ("Kickr trainer"), but expressly denies that it has infringed or is infringing, directly, indirectly, contributorily, by inducement, jointly, willfully, or otherwise, any valid and enforceable claim of any of the Patents-in-Suit. Other than as specifically admitted or denied, Foundation is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraphs under the heading "Introduction" of the Complaint, and therefore denies them.

**PARTIES**

1. Foundation is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 1, and therefore denies them.

2. Foundation admits that it is an Oregon Limited Liability Company with its principal place of business in Portland, Oregon.

3. Foundation is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 3, and therefore denies them.

4. Foundation is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 4, and therefore denies them.

**JURISDICTION AND VENUE**

5. This Paragraph states legal conclusions to which no response is required. To the extent any of the allegations in Paragraph 5 are deemed factual in nature, Foundation admits that Plaintiff alleges patent infringement under Title 35 of the United States Code, but Foundation denies that it has committed any acts of infringement in this or any other judicial district. Foundation denies all allegations of Paragraph 5 not specifically admitted.

/ / /

/ / /

2

6362898_1

50 West Liberty Street
Suite 410
Reno, Nevada 89501

LEWIS ROCA
ROTHGERBER

50 West Liberty Street
Suite 410
Reno, Nevada 89501

LEWIS ROCA
ROTHGERBER

1   6.   This Paragraph states legal conclusions to which no response is required.  To the

2   extent any of the allegations in Paragraph 6 are deemed factual in nature, Foundation admits that

3   this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

4   7.   This Paragraph states legal conclusions to which no response is required.  To the

5   extent any of the allegations in Paragraph 7 are deemed factual in nature, Foundation admits that

6   personal jurisdiction over it exists in this case, but denies that it has committed any acts of

7   infringement in this or any other judicial district.  Foundation denies all allegations of Paragraph 7

8   not specifically admitted.

9   8.   This Paragraph states legal conclusions to which no response is required.  To the

10   extent any of the allegations in Paragraph 8 are deemed factual in nature, Foundation denies that

11   venue is proper in the District of Nevada.  Foundation denies all allegations of Paragraph 8 not

12   specifically admitted.

13   **BACKGROUND**

14   9.   Foundation admits that Exhibit A to the Complaint appears to be a copy of a

15   document titled "Term Sheet."  Foundation states that it is without knowledge or information

16   sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 9, and

17   therefore denies them.  Foundation denies all allegations of Paragraph 9 not specifically admitted.

18   10.   Foundation admits that Exhibit B to the Complaint appears to be a copy of an email

19   exchange between Mr. Patrick Warner and Mr. Scott Radow.  Foundation states that it is without

20   knowledge or information sufficient to form a belief as to the truth of the remaining allegations set

21   forth in Paragraph 10, and therefore denies them.  Foundation denies all allegations of Paragraph

22   10 not specifically admitted.

23   11.   Foundation admits that Exhibit C to the Complaint appears to be a copy of an email

24   exchange between Mr. Warner and Mr. Radow.  Foundation states that it is without knowledge or

25   information sufficient to form a belief as to the truth of the remaining allegations set forth in

26   Paragraph 11, and therefore denies them.  Foundation denies all allegations of Paragraph 11 not

27   specifically admitted.

28   / / /

6362898_1

12.     Foundation admits that Exhibit D to the Complaint appears to be a copy of an email exchange between Mr. Warner and Mr. Radow.  Foundation states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 12, and therefore denies them.  Foundation denies all allegations of Paragraph 12 not specifically admitted.

13.     Foundation admits that Exhibit E to the Complaint appears to be a copy of a document titled "Exclusive License Agreement."  Foundation states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 13, and therefore denies them.  Foundation denies all allegations of Paragraph 13 not specifically admitted.

14.     Foundation admits that Exhibit F to the Complaint appears to be a copy of a document titled "License Agreement."  Foundation states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 14, and therefore denies them.  Foundation denies all allegations of Paragraph 14 not specifically admitted.

15.     Foundation admits that Exhibit G to the Complaint appears to be a copy of a letter from Nautilus Inc. to Mr. Radow.  Foundation states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 15, and therefore denies them.  Foundation denies all allegations of Paragraph 15 not specifically admitted.

16.     Foundation admits that Exhibit H to the Complaint appears to be a copy of a letter from Kain & Associates to Mr. Warner.  Foundation also admits that Exhibit I to the Complaint appears to be a copy of an email exchange between Mr. Warner and Mr. Radow.  Foundation states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 16, and therefore denies them.  Foundation denies all allegations of Paragraph 16 not specifically admitted.

17.     Foundation admits that Mr. Warner joined Foundation in or about 2010.  Foundation denies all allegations of Paragraph 17 not specifically admitted.

4

6362898_1

18.     Foundation admits that Exhibit J to the Complaint appears to be a copy of an email exchange between Mr. Warner and Mr. Radow.  Foundation states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 18, and therefore denies them. Foundation denies all allegations of Paragraph 18 not specifically admitted.

19.     Foundation denies that it demonstrated the Kickr trainer at the Interbike exhibition in Las Vegas, Nevada from September 19 – 21, 2012.  Foundation states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 19, and therefore denies them. Foundation denies all allegations of Paragraph 19 not specifically admitted.

**Response to Count 1: Willful Infringement of U.S. Patent No. 7,066,865 by Foundation Fitness, LLC**

20.     Foundation restates its responses to the allegations as set forth above and incorporates them herein.

21.     This Paragraph states legal conclusions to which no response is required.  To the extent any of the allegations in Paragraph 21 are deemed factual in nature, Foundation states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 21, and therefore denies them.  Foundation admits that Exhibit K to the Complaint appears to be a copy of U.S. Patent No. 7,066,865.  Foundation denies that it and/or Wahoo has infringed and/or is infringing any valid and enforceable claim of the '865 Patent. Foundation denies all allegations of Paragraph 21 not specifically admitted.

22.     Foundation denies that the Kickr trainer embodies the invention set forth in claim 16 of the '865 Patent.  Foundation admits that Plaintiff has accurately recited a portion of claim 16 of the '865 Patent.  Foundation further admits that Exhibit O to the Complaint appears to be a copy of U.S. Publication No. 2014/0171266 ("the '266 Publication").  Foundation admits that Andrew P. Lull is a named inventor on U.S. Provisional Application Nos. 61/693,685 and 61/728,155.  Andrew P. Lull is not named as an inventor on the '266 Publication.  Foundation admits that Plaintiff has recited a portion of paragraph [0052] of the '266 Publication, with the

5

6362898_1

addition of "[i.e., base]"; however, Foundation denies that the '266 Publication describes a base as claimed in claim 16 of the '865 Patent. Foundation denies all allegations of Paragraph 22 not specifically admitted.

23.     Foundation admits that Plaintiff has accurately recited a portion of claim 16 of the '865 Patent. Foundation admits that Plaintiff has accurately recited a portion of paragraph [0058] of the '266 Publication; however, Foundation denies that the '266 Publication describes a moveable member as claimed in claim 16 of the '865 Patent. Foundation denies all allegations of Paragraph 23 not specifically admitted.

24.     Foundation admits that Plaintiff has accurately recited a portion of claim 16 of the '865 Patent. Foundation admits that Plaintiff has recited a portion of paragraph [0046] of the '266 Publication. Foundation denies all allegations of Paragraph 24 not specifically admitted.

25.     Foundation admits that Plaintiff has accurately recited a portion of claim 16 of the '865 Patent. Foundation admits that Plaintiff has recited a portion of paragraph [0075] of the '266 Publication. Foundation denies all allegations of Paragraph 25 not specifically admitted.

26.     Foundation admits that Plaintiff has accurately recited a portion of claim 16 of the '865 Patent. Foundation admits that Plaintiff has recited a portion of paragraph [0086] of the '266 Publication. Foundation denies all allegations of Paragraph 26 not specifically admitted.

27.     Foundation denies all allegations set forth in Paragraph 27 of the Complaint.

28.     Foundation denies all allegations set forth in Paragraph 28 of the Complaint.

**Response to Count 2: Direct Infringement of U.S. Patent No. 7,066,865 by Wahoo and Giant Bicycle, Inc.**

29.     Foundation restates its responses to the allegations as set forth above and incorporates them herein.

30.     Foundation denies all allegations set forth in Paragraph 30 of the Complaint.

**Response to Count 3: Willful Infringement of U.S. Patent No. 7,862,476 by Foundation**

31.     Foundation restates its responses to the allegations as set forth above and incorporates them herein.

/ / /

6

6362898_1

32.     This Paragraph states legal conclusions to which no response is required.  To the extent any of the allegations in Paragraph 32 are deemed factual in nature, Foundation states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 32, and therefore denies them.  Foundation admits that Exhibit L to the Complaint appears to be a copy of U.S. Patent No. 7,862,476.  Foundation denies that it has infringed and/or is infringing any valid and enforceable claim of the '476 Patent.  Foundation denies all allegations of Paragraph 32 not specifically admitted.

33.     Foundation denies that the Kickr trainer embodies the invention set forth in claim 1 of the '476 Patent.  Foundation admits that Plaintiff has accurately recited a portion of claim 1 of the '476 Patent.  Foundation admits that Plaintiff has recited a portion of paragraph [0052] of the '266 Publication, with the addition of "[i.e., base]"; however, Foundation denies that the '266 Publication describes a structural support as claimed in claim 1 of the '476 Patent.  Foundation denies all allegations of Paragraph 33 not specifically admitted.

34.     Foundation admits that Plaintiff has accurately recited a portion of claim 1 of the '476 Patent.  Foundation admits that Plaintiff has accurately recited a portion of paragraph [0058] of the '266 Publication.  Foundation denies all allegations of Paragraph 34 not specifically admitted.

35.     Foundation admits that Plaintiff has accurately recited a portion of claim 1 of the '476 Patent.  Foundation admits that Plaintiff has recited a portion of paragraph [0046] of the '266 Publication.  Foundation admits that Plaintiff has recited a portion of paragraph [0086] of the '266 Publication.  Foundation denies all allegations of Paragraph 35 not specifically admitted.

36.     Foundation denies all allegations set forth in Paragraph 36 of the Complaint.

### Response to Count 4: Direct Infringement of U.S. Patent No. 7,862,476 by Wahoo and Giant Bicycle, Inc.

37.     Foundation restates its responses to the allegations as set forth above and incorporates them herein.

38.     Foundation denies all allegations set forth in Paragraph 38 of the Complaint.

/ / /

50 West Liberty Street
Suite 410
Reno, Nevada 89501

LEWIS ROCA
ROTHGERBER

6362898_1

**Response to Count 5: Willful Infringement of U.S. Patent No. 7,841,964 by Foundation**

39.    Foundation restates its responses to the allegations as set forth above and incorporates them herein.

40.    This Paragraph states legal conclusions to which no response is required.  To the extent any of the allegations in Paragraph 40 are deemed factual in nature, Foundation states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 40, and therefore denies them.  Foundation admits that Exhibit M to the Complaint appears to be a copy of U.S. Patent No. 7,841,964.  Foundation denies that it has infringed and/or is infringing any valid and enforceable claim of the '964 Patent. Foundation denies all allegations of Paragraph 40 not specifically admitted.

41.    Foundation admits that Plaintiff has recited a portion of paragraph [0086] of the '266 Publication; however, Foundation denies that the method recited in the '964 Patent comprises the identical steps described in the '266 Publication. Foundation denies all allegations of Paragraph 41 not specifically admitted.

42.    Foundation denies all allegations set forth in Paragraph 42 of the Complaint.

**Response to Count 6: Direct Infringement of U.S. Patent No. 7,841,964 by Wahoo and Giant Bicycle, Inc.**

43.    Foundation restates its responses to the allegations as set forth above and incorporates them herein.

44.    Foundation denies all allegations set forth in Paragraph 44 of the Complaint.

**Response to Count 7: Willful Infringement of U.S. Patent No. 7,608,015 by Foundation**

45.    Foundation restates its responses to the allegations as set forth above and incorporates them herein.

46.    This Paragraph states legal conclusions to which no response is required.  To the extent any of the allegations in Paragraph 46 are deemed factual in nature, Foundation states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 46, and therefore denies them.  Foundation admits that Exhibit N to the Complaint appears to be a copy of U.S. Patent No. 7,608,015.  Foundation denies that Foundation

8

50 West Liberty Street
Suite 410
Reno, Nevada 89501

LEWIS ROCA
ROTHGERBER

has infringed and/or is infringing any valid and enforceable claim of the '015 Patent. Foundation denies all allegations of Paragraph 46 not specifically admitted.

47.     Foundation admits that Plaintiff has recited a portion of paragraph [0086] of the '266 Publication; however, Foundation denies that the method recited in the '015 Patent comprises the identical steps described in the '266 Publication. Foundation denies all allegations of Paragraph 47 not specifically admitted.

48.     Foundation denies all allegations set forth in Paragraph 48 of the Complaint.

**Response to Count 8: Direct Infringement of U.S. Patent No. 7,608,015 by Wahoo and Giant Bicycle, Inc.**

49.     Foundation restates its responses to the allegations as set forth above and incorporates them herein.

50.     Foundation denies all allegations set forth in Paragraph 50 of the Complaint.

**Response To Plaintiff's Prayer For Relief**

Foundation denies that Plaintiff is entitled to any relief in this action either as requested in the Complaint or otherwise.

**Response To Jury Trial Demand**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Foundation demands a trial by jury on all issues and claims triable as such.

**DEFENSES**

Further answering the Complaint, Foundation asserts the following defenses, without assuming the burden of proof when such burden would otherwise be on Plaintiff. Foundation expressly reserves the right to amend its Answer and Defenses as additional information becomes available.

**First Defense**

1.     Except as expressly admitted herein, Foundation denies each and every allegation contained in the Complaint.

**Second Defense**

2.     Plaintiff fails to state a claim against Foundation upon which relief can be granted.

6362898_1

50 West Liberty Street
Suite 410
Reno, Nevada 89501

LEWIS ROCA
ROTHGERBER

**Third Defense**

3.     The claims Plaintiff asserts against Foundation are barred, in whole or in part, by principles and doctrines of acquiescence, equitable estoppel, laches, and/or waiver.

**Fourth Defense**

4.     Plaintiff comes to this Court with unclean hands and should be denied any equitable relief it seeks from this Court on that basis.

**Fifth Defense**

5.     To the extent any claim of the Patents-in-Suit may be valid and enforceable, which Foundation expressly denies, Foundation has not infringed, willfully or otherwise, contributed to the infringement of, and/or induced the infringement of any claim of the Patents-in-Suit or committed any wrongdoing at issue in this lawsuit.

**Sixth Defense**

6.     To the extent Plaintiff may be successful in proving its liability allegations, which Foundation expressly denies, and Plaintiff is able to prove any damages, it has neglected, failed, and refused to mitigate damages, if any, and is thereby barred from recovery herein, or any such recovery must be reduced accordingly.

**Seventh Defense**

7.     Plaintiff is wholly or partially barred from the relief that it seeks because all claims of the Patents-in-Suit are invalid for failure to comply with the requirements of the patent laws of the United States, 35 U.S.C. § 100 *et seq.*, including, but not limited to, those set forth in 35 U.S.C. §§ 101, 102, 103, 112, and/or 135(b) for one or more of the following reasons, as well as others hereinafter set forth or which Foundation may hereafter discover or otherwise become informed:

a.     The alleged invention(s) is/are directed to an abstract idea and/or a law of nature, and therefore is/are not patent eligible subject matter;

b.     The alleged invention(s) was/were not new before the applicant's alleged conception and/or reduction to practice;

10

6362898_1

50 West Liberty Street
Suite 410
Reno, Nevada 89501

LEWIS ROCA
ROTHGERBER

c.   The alleged invention(s) was/were known or used by others in this country, or patented, or described in a printed publication in this or a foreign country, before the alleged invention thereof by the applicant for patent, as evidenced by, for example, but not limited to, U.S. Patent No. 4,976,424 to Sargeant et al. issued on December 11, 1990 (attached hereto as Exhibit 1)[1];

d.   The alleged invention(s) was/were patented or described in a printed publication in this or a foreign country, or were in public use, on sale or sold in this country, more than one year prior to the date of the application thereof in the United States, as evidenced by, for example, but not limited to, U.S. Patent No. 4,976,424 to Sargeant et al. issued on December 11, 1990;

e.   The alleged invention(s) was/were described in a patent granted on an application for patent by another filed in the United States before the alleged invention thereof by the applicants for the Patents-in-Suit as evidenced by, for example, but not limited to, U.S. Patent No. 4,976,424 to Sargeant et al. filed on December 22, 1988, claiming priority to an application filed on August 25, 1987;

f.   The inventor(s) listed on the face of the Patents-in-Suit did not themselves invent the subject matter claimed;

g.   The patentee(s) abandoned the alleged invention(s);

h.   Before the alleged invention(s) was/were was made by the inventor(s) listed on the face of the Patents-in-Suit, said alleged invention(s) was/were made in this country by others who had not abandoned, suppressed, or concealed the same;

i.   The difference between the subject matter sought to be patented and the prior art, for example, but not limited to, U.S. Patent No. 4,976,424 to Sargeant et al. issued on December 11, 1990, are such that the subject matter as a whole would have been

---

[1] Pursuant to District of Nevada Local Rule 16.1-8, Foundation will provide its "Non-Infringement, Invalidity, and Unenforceability Contentions" setting forth the detailed description of the factual and legal grounds for contentions of non-infringement, invalidity, and unenforceability, including an identification of the prior art relied upon.

11

1  obvious at the time the alleged invention(s) was/were made to a person having skill

2  in the art to which said subject matter pertains;

3  j.   The alleged invention(s) does/do not involve the exercise of inventive faculty but

4  only the judgment, knowledge, and skill possessed by persons having ordinary skill

5  in the art at the time of the alleged invention(s) thereof by the patentee;

6  k.   The Patents-in-Suit do not contain a written description of the alleged invention(s)

7  in such full, clear, concise, and exact terms as to enable one skilled in the art to

8  which it is directed to make and use it; and

9  l.   The asserted claims do not particularly point out and distinctly claim the subject

10  matter which the applicant(s) and/or patentee(s) regard as their invention(s).

## Eighth Defense

12  8.   By reason of the proceedings in the U.S. Patent and Trademark Office during the

prosecution of the applications that issued as the Patents-in-Suit, and, in particular, the applicants'

and/or his representative(s)' and/or agents' remarks, representations, concessions, amendments,

and/or admissions during those proceedings, Plaintiff is precluded and estopped from asserting

that Foundation has infringed upon any claim of the Patents-in-Suit.

## Ninth Defense

18  9.   Plaintiff is not entitled to any damages or any other remedy under 35 U.S.C. §§ 284

or 285 with respect to any alleged infringement by Foundation to the extent that Plaintiff has not

complied with the notice requirements of 35 U.S.C. § 287.

## Tenth Defense

22  10.   To the extent that any claims of the Patents-in-Suit may not be held invalid and/or

unenforceable, they are so restricted in scope that Foundation has not infringed, and does not

infringe, upon any claim.

## Eleventh Defense

26  11.   Plaintiff has dedicated to the public all methods, systems, apparatus, and/or

products disclosed in the Patents-in-Suit, but not literally claimed therein, and is estopped from

claiming infringement by any such public domain methods, systems, apparatus, and/or products.

12

6362898_1

50 West Liberty Street
Suite 410
Reno, Nevada 89501

LEWIS ROCA
ROTHGERBER

**Twelfth Defense**

12.     Foundation states that Plaintiff has failed to perform and conduct a good faith pre-filing investigation into the allegations asserted in this lawsuit prior to filing this action.

**Thirteenth Defense**

13.     Any claim by Plaintiff is barred for failure to join indispensable and/or necessary parties.

WHEREFORE, Foundation denies that Plaintiff is entitled to any relief as prayed for in the Complaint or otherwise and, accordingly, respectfully prays for entry of judgment dismissing Plaintiff's Complaint with prejudice, and for such other and further relief as is just and proper under the circumstances including, but not limited to:

A.     Dismissing any and all counts of the Complaint asserted against Foundation with prejudice;

B.     Declaring and entering judgment that Plaintiff is not entitled to any relief from Foundation sought by the Complaint;

C.     Declaring and entering judgment that Foundation has not infringed any of the claims of the Patents-in-Suit;

D.     Declaring and entering judgment that all claims of the Patents-in-Suit are invalid;

E.     Declaring this case exceptional pursuant to 35 U.S.C. § 285;

F.     Permanently enjoining Plaintiff and its agents, servants, employees and attorneys, and any and all persons in active concert or participation with any of them from asserting, stating, implying or suggesting that Foundation and/or any of its respective officers, agents, servants, employees, subsidiaries, or customers infringe any of the claims of the Patents-in-Suit;

G.     Awarding Foundation its costs and reasonable attorneys' fees incurred in connection with this action; and

H.     Granting Foundation such other and further relief and damages as the Court deems just and proper under the circumstances.

/ / /

/ / /

50 West Liberty Street
Suite 410
Reno, Nevada 89501

LEWIS ROCA
ROTHGERBER

6362898_1

## COUNTERCLAIM

Comes now Defendant-Counterclaim Plaintiff Foundation Fitness LLC ("Foundation") and, for its Counterclaim against POWERbahn LLC's ("Powerbahn" or "Counterclaim-Defendant"), states as follows:

### Nature of the Action

1.      This Counterclaim seeks, *inter alia*, a judgment declaring that all claims of U.S. Patent Nos. 7,066,865 ("the '865 Patent"), 7,862,476 ("the '476 Patent"), 7,841,964 ("the '964 Patent"), and 7,608,015 ("the '015 Patent") (collectively, "the Patents-in-Suit"), are invalid and/or not infringed by Foundation.

### Jurisdiction and Venue

2.      This Court has subject matter jurisdiction over this Counterclaim pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, under 28 U.S.C. §§ 1331 and 1338(a), and under the patent laws of the United States, 35 U.S.C. § 1, *et seq.*  Venue for this Counterclaim is proper in this judicial district under the provisions of 28 U.S.C. §§ 1391(b) and (c), and 1400(b).

### The Parties

3.  Foundation is a limited liability company organized and existing under the laws of the state of Oregon, having its principal place of business at 1732 NW Quimby, Suite 250, Portland, OR 97209.

4.  Upon information and belief, Powerbahn is a limited liability company organized and existing under the laws of the state of Florida, with its principal place of business at 5615 Foret Circle, Reno, NV 89511.

### Acts Giving Rise to the Counterclaim

5.  On June 18, 2015, Powerbahn commenced a civil lawsuit against Foundation alleging that Foundation infringed and is infringing upon one or more claims of the Patents-in-Suit.

6.      By such action, Powerbahn created an actual and justiciable case and controversy between Powerbahn and Foundation concerning whether the claims of the Patents-in-Suit are valid and/or enforceable, as well as whether Foundation is infringing any valid and/or enforceable claim of the Patents-in-Suit.

6362898_1

50 West Liberty Street
Suite 410
Reno, Nevada 89501

LEWIS ROCA
ROTHGERBER

7.      Foundation has not infringed, and is not infringing, either directly, contributorily, willfully or otherwise, upon any claims, much less any valid or enforceable claims, of the Patents-in-Suit.

### COUNTERCLAIM COUNT I

### Declaratory Judgment of Invalidity of U.S. Patent No. 7,066,865

8.   Foundation incorporates by reference each and every allegation set forth in Paragraph 1 through 7 of this Counterclaim as if fully set forth and restated herein.

9.   Upon information and belief, all of the claims of the '865 Patent are invalid, and void, for failure to comply with the requirements of the patent laws of the United States, 35 U.S.C. § 100 *et seq*., including, but not limited to, those set forth in 35 U.S.C. §§ 101, 102, 103, 112, and/or 135(b) for one or more of the following reasons, as well as others hereinafter set forth or which Foundation may hereafter discover or otherwise become informed:

a.     The alleged invention(s) is/are directed to an abstract idea and/or a law of nature, and therefore is/are not patent eligible subject matter;

b.     The alleged invention(s) was/were not new before the applicant's alleged conception and/or reduction to practice;

c.     The alleged invention(s) was/were known or used by others in this country, or patented, or described in a printed publication in this or a foreign country, before the alleged invention thereof by the applicant for patent, as evidenced by, for example, but not limited to, U.S. Patent No. 4,976,424 to Sargeant et al. issued on December 11, 1990[2];

d.     The alleged invention(s) was/were patented or described in a printed publication in this or a foreign country, or were in public use, on sale or sold in this country, more than one year prior to the date of the application thereof in

---

[2] Pursuant to District of Nevada Local Rule 16.1-8, Foundation will provide its "Non-Infringement, Invalidity, and Unenforceability Contentions" setting forth the detailed description of the factual and legal grounds for contentions of non-infringement, invalidity, and unenforceability, including an identification of the prior art relied upon.

50 West Liberty Street
Suite 410
Reno, Nevada 89501

LEWIS ROCA
ROTHGERBER

6362898_1

the United States, as evidenced by, for example, but not limited to, U.S. Patent No. 4,976,424 to Sargeant et al. issued on December 11, 1990;

e.    The alleged invention(s) was/were described in a patent granted on an application for patent by another filed in the United States before the alleged invention thereof by the applicants for the '865 Patent as evidenced by, for example, but not limited to, U.S. Patent No. 4,976,424 to Sargeant et al. filed on December 22, 1988, claiming priority to an application filed on August 25, 1987;

f.    The inventor(s) listed on the face of the '865 Patent did not themselves invent the subject matter claimed;

g.    The patentee(s) abandoned the alleged invention(s);

h.    Before the alleged invention(s) was/were was made by the inventor(s) listed on the face of the '865 Patent, said alleged invention(s) was/were made in this country by others who had not abandoned, suppressed, or concealed the same;

i.    The difference between the subject matter sought to be patented and the prior art, for example, but not limited to, U.S. Patent No. 4,976,424 to Sargeant et al. issued on December 11, 1990, are such that the subject matter as a whole would have been obvious at the time the alleged invention(s) was/were made to a person having skill in the art to which said subject matter pertains;

j.    The alleged invention(s) does/do not involve the exercise of inventive faculty but only the judgment, knowledge, and skill possessed by persons having ordinary skill in the art at the time of the alleged invention(s) thereof by the patentee;

k.    The '865 Patent does not contain a written description of the alleged invention(s) in such full, clear, concise, and exact terms as to enable one skilled in the art to which it is directed to make and use it; and

l.    The asserted claims do not particularly point out and distinctly claim the subject matter which the applicant(s) and/or patentee(s) regard as their invention(s).

16

50 West Liberty Street
Suite 410
Reno, Nevada 89501

LEWIS ROCA
ROTHGERBER

10.     Based on Powerbahn's filing of the Complaint, an actual controversy has arisen and now exists between the parties as to the validity of the claims of the '865 Patent.

11.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Foundation requests a declaration from the Court that the claims of the '865 Patent are invalid for failure to comply with the provisions of the patent laws, 35 U.S.C. §§ 100 *et seq.*, including, but not limited to one or more of the reasons listed above.

## COUNTERCLAIM COUNT II

### Declaratory Judgment of Non-Infringement of the '865 Patent

12.     Foundation incorporates by reference each and every allegation set forth in Paragraph 1 through 11 of this Counterclaim as if fully set forth and restated herein.

13.     Any claims of the '865 Patent that may not be, *arguendo*, held invalid and/or unenforceable are so restricted in scope that Foundation has not infringed, and does not infringe, upon any such claims.

14.     Based on Powerbahn's filing of the Complaint, an actual controversy has arisen and now exists between the parties as to the non-infringement of the claims of the '865 Patent.

15.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Foundation requests a declaration from the Court that it has not and is not infringing upon any of the claims of the '865 Patent.

## COUNTERCLAIM COUNT III

### Declaratory Judgment of Invalidity of U.S. Patent No. 7,862,476

16.     Foundation incorporates by reference each and every allegation set forth in Paragraph 1 through 15 of this Counterclaim as if fully set forth and restated herein.

17.     Upon information and belief, all of the claims of the '476 Patent are invalid, and void, for failure to comply with the requirements of the patent laws of the United States, 35 U.S.C. § 100 *et seq.*, including, but not limited to, those set forth in 35 U.S.C. §§ 101, 102, 103, 112, and/or 135(b) for one or more of the following reasons, as well as others hereinafter set forth or which Foundation may hereafter discover or otherwise become informed:

17

6362898_1

a.     The alleged invention(s) is/are directed to an abstract idea and/or a law of nature, and therefore is/are not patent eligible subject matter;

b.     The alleged invention(s) was/were not new before the applicant's alleged conception and/or reduction to practice;

c.     The alleged invention(s) was/were known or used by others in this country, or patented, or described in a printed publication in this or a foreign country, before the alleged invention thereof by the applicant for patent, as evidenced by, for example, but not limited to, U.S. Patent No. 4,976,424 to Sargeant et al. issued on December 11, 1990[3];

d.     The alleged invention(s) was/were patented or described in a printed publication in this or a foreign country, or were in public use, on sale or sold in this country, more than one year prior to the date of the application thereof in the United States, as evidenced by, for example, but not limited to, U.S. Patent No. 4,976,424 to Sargeant et al. issued on December 11, 1990;

e.     The alleged invention(s) was/were described in a patent granted on an application for patent by another filed in the United States before the alleged invention thereof by the applicants for the '476 Patent as evidenced by, for example, but not limited to, U.S. Patent No. 4,976,424 to Sargeant et al. filed on December 22, 1988, claiming priority to an application filed on August 25, 1987;

f.     The inventor(s) listed on the face of the '476 Patent did not themselves invent the subject matter claimed;

g.     The patentee(s) abandoned the alleged invention(s);

h.     Before the alleged invention(s) was/were was made by the inventor(s) listed on the face of the '476 Patent, said alleged invention(s) was/were made in this country by others who had not abandoned, suppressed, or concealed the same;

---

[3] Pursuant to District of Nevada Local Rule 16.1-8, Foundation will provide its "Non-Infringement, Invalidity, and Unenforceability Contentions" setting forth the detailed description of the factual and legal grounds for contentions of non-infringement, invalidity, and unenforceability, including an identification of the prior art relied upon.

18

6362898_1

i.   The difference between the subject matter sought to be patented and the prior art, for example, but not limited to, U.S. Patent No. 4,976,424 to Sargeant et al. issued on December 11, 1990, are such that the subject matter as a whole would have been obvious at the time the alleged invention(s) was/were made to a person having skill in the art to which said subject matter pertains;

j.   The alleged invention(s) does/do not involve the exercise of inventive faculty but only the judgment, knowledge, and skill possessed by persons having ordinary skill in the art at the time of the alleged invention(s) thereof by the patentee;

k.   The '476 Patent does not contain a written description of the alleged invention(s) in such full, clear, concise, and exact terms as to enable one skilled in the art to which it is directed to make and use it; and

l.   The asserted claims do not particularly point out and distinctly claim the subject matter which the applicant(s) and/or patentee(s) regard as their invention(s).

18.   Based on Powerbahn's filing of the Complaint, an actual controversy has arisen and now exists between the parties as to the validity of the claims of the '476 Patent.

19.   Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Foundation requests a declaration from the Court that the claims of the '476 Patent are invalid for failure to comply with the provisions of the patent laws, 35 U.S.C. §§ 100 *et seq.*, including, but not limited to one or more of the reasons listed above.

## COUNTERCLAIM COUNT IV

### Declaratory Judgment of Non-Infringement of the '476 Patent

20.   Foundation incorporates by reference each and every allegation set forth in Paragraph 1 through 19 of this Counterclaim as if fully set forth and restated herein.

21.   Any claims of the '476 Patent that may not be, *arguendo*, held invalid and/or unenforceable are so restricted in scope that Foundation has not infringed, and does not infringe, upon any such claims.

22.   Based on Powerbahn's filing of the Complaint, an actual controversy has arisen and now exists between the parties as to the non-infringement of the claims of the '476 Patent.

19

6362898_1

50 West Liberty Street
Suite 410
Reno, Nevada 89501

LEWIS ROCA
ROTHGERBER

23.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Foundation requests a declaration from the Court that it has not and is not infringing upon any of the claims of the '476 Patent.

## COUNTERCLAIM COUNT V

### Declaratory Judgment of Invalidity of U.S. Patent No. 7,841,964

24.     Foundation incorporates by reference each and every allegation set forth in Paragraph 1 through 23 of this Counterclaim as if fully set forth and restated herein.

25.     Upon information and belief, all of the claims of the '964 Patent are invalid, and void, for failure to comply with the requirements of the patent laws of the United States, 35 U.S.C. § 100 *et seq.*, including, but not limited to, those set forth in 35 U.S.C. §§ 101, 102, 103, 112, and/or 135(b) for one or more of the following reasons, as well as others hereinafter set forth or which Foundation may hereafter discover or otherwise become informed:

a.     The alleged invention(s) is/are directed to an abstract idea and/or a law of nature, and therefore is/are not patent eligible subject matter;

b.     The alleged invention(s) was/were not new before the applicant's alleged conception and/or reduction to practice;

c.     The alleged invention(s) was/were known or used by others in this country, or patented, or described in a printed publication in this or a foreign country, before the alleged invention thereof by the applicant for patent, as evidenced by, for example, but not limited to, U.S. Patent No. 4,976,424 to Sargeant et al. issued on December 11, 1990[4];

d.     The alleged invention(s) was/were patented or described in a printed publication in this or a foreign country, or were in public use, on sale or sold in this country, more than one year prior to the date of the application thereof in

---

[4] Pursuant to District of Nevada Local Rule 16.1-8, Foundation will provide its "Non-Infringement, Invalidity, and Unenforceability Contentions" setting forth the detailed description of the factual and legal grounds for contentions of non-infringement, invalidity, and unenforceability, including an identification of the prior art relied upon.

6362898_1

LEWIS ROCA
ROTHGERBER

50 West Liberty Street
Suite 410
Reno, Nevada 89501

the United States, as evidenced by, for example, but not limited to, U.S. Patent No. 4,976,424 to Sargeant et al. issued on December 11, 1990;

e.   The alleged invention(s) was/were described in a patent granted on an application for patent by another filed in the United States before the alleged invention thereof by the applicants for the '964 Patent as evidenced by, for example, but not limited to, U.S. Patent No. 4,976,424 to Sargeant et al. filed on December 22, 1988, claiming priority to an application filed on August 25, 1987;

f.   The inventor(s) listed on the face of the '964 Patent did not themselves invent the subject matter claimed;

g.   The patentee(s) abandoned the alleged invention(s);

h.   Before the alleged invention(s) was/were was made by the inventor(s) listed on the face of the '964 Patent, said alleged invention(s) was/were made in this country by others who had not abandoned, suppressed, or concealed the same;

i.   The difference between the subject matter sought to be patented and the prior art, for example, but not limited to, U.S. Patent No. 4,976,424 to Sargeant et al. issued on December 11, 1990, are such that the subject matter as a whole would have been obvious at the time the alleged invention(s) was/were made to a person having skill in the art to which said subject matter pertains;

j.   The alleged invention(s) does/do not involve the exercise of inventive faculty but only the judgment, knowledge, and skill possessed by persons having ordinary skill in the art at the time of the alleged invention(s) thereof by the patentee;

k.   The '964 Patent does not contain a written description of the alleged invention(s) in such full, clear, concise, and exact terms as to enable one skilled in the art to which it is directed to make and use it; and

l.   The asserted claims do not particularly point out and distinctly claim the subject matter which the applicant(s) and/or patentee(s) regard as their invention(s).

21

6362898_1

26.     Based on Powerbahn's filing of the Complaint, an actual controversy has arisen and now exists between the parties as to the validity of the claims of the '964 Patent.

27.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Foundation requests a declaration from the Court that the claims of the '964 Patent are invalid for failure to comply with the provisions of the patent laws, 35 U.S.C. §§ 100 *et seq.*, including, but not limited to one or more of the reasons listed above.

## COUNTERCLAIM COUNT VI

### Declaratory Judgment of Non-Infringement of the '964 Patent

28.     Foundation incorporates by reference each and every allegation set forth in Paragraph 1 through 27 of this Counterclaim as if fully set forth and restated herein.

29.     Any claims of the '964 Patent that may not be, *arguendo*, held invalid and/or unenforceable are so restricted in scope that Foundation has not infringed, and does not infringe, upon any such claims.

30.     Based on Powerbahn's filing of the Complaint, an actual controversy has arisen and now exists between the parties as to the non-infringement of the claims of the '964 Patent.

31.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Foundation requests a declaration from the Court that it has not and is not infringing upon any of the claims of the '964 Patent.

## COUNTERCLAIM COUNT VII

### Declaratory Judgment of Invalidity of U.S. Patent No. 7,608,015

32.     Foundation incorporates by reference each and every allegation set forth in Paragraph 1 through 31 of this Counterclaim as if fully set forth and restated herein.

33.     Upon information and belief, all of the claims of the '015 Patent are invalid, and void, for failure to comply with the requirements of the patent laws of the United States, 35 U.S.C. § 100 *et seq.*, including, but not limited to, those set forth in 35 U.S.C. §§ 101, 102, 103, 112, and/or 135(b) for one or more of the following reasons, as well as others hereinafter set forth or which Foundation may hereafter discover or otherwise become informed:

50 West Liberty Street
Suite 410
Reno, Nevada 89501

LEWIS ROCA
ROTHGERBER

22

a.  The alleged invention(s) is/are directed to an abstract idea and/or a law of nature, and therefore is/are not patent eligible subject matter;

b.  The alleged invention(s) was/were not new before the applicant's alleged conception and/or reduction to practice;

c.  The alleged invention(s) was/were known or used by others in this country, or patented, or described in a printed publication in this or a foreign country, before the alleged invention thereof by the applicant for patent, as evidenced by, for example, but not limited to, U.S. Patent No. 4,976,424 to Sargeant et al. issued on December 11, 1990[5];

d.  The alleged invention(s) was/were patented or described in a printed publication in this or a foreign country, or were in public use, on sale or sold in this country, more than one year prior to the date of the application thereof in the United States, as evidenced by, for example, but not limited to, U.S. Patent No. 4,976,424 to Sargeant et al. issued on December 11, 1990;

e.  The alleged invention(s) was/were described in a patent granted on an application for patent by another filed in the United States before the alleged invention thereof by the applicants for the '015 Patent as evidenced by, for example, but not limited to, U.S. Patent No. 4,976,424 to Sargeant et al. filed on December 22, 1988, claiming priority to an application filed on August 25, 1987;

f.  The inventor(s) listed on the face of the '015 Patent did not themselves invent the subject matter claimed;

g.  The patentee(s) abandoned the alleged invention(s);

h.  Before the alleged invention(s) was/were was made by the inventor(s) listed on the face of the '015 Patent, said alleged invention(s) was/were made in this country by others who had not abandoned, suppressed, or concealed the same;

---

[5] Pursuant to District of Nevada Local Rule 16.1-8, Foundation will provide its "Non-Infringement, Invalidity, and Unenforceability Contentions" setting forth the detailed description of the factual and legal grounds for contentions of non-infringement, invalidity, and unenforceability, including an identification of the prior art relied upon.

23

6362898_1

i.  The difference between the subject matter sought to be patented and the prior art, for example, but not limited to, U.S. Patent No. 4,976,424 to Sargeant et al. issued on December 11, 1990, are such that the subject matter as a whole would have been obvious at the time the alleged invention(s) was/were made to a person having skill in the art to which said subject matter pertains;

j.  The alleged invention(s) does/do not involve the exercise of inventive faculty but only the judgment, knowledge, and skill possessed by persons having ordinary skill in the art at the time of the alleged invention(s) thereof by the patentee;

k.  The '015 Patent does not contain a written description of the alleged invention(s) in such full, clear, concise, and exact terms as to enable one skilled in the art to which it is directed to make and use it; and

l.  The asserted claims do not particularly point out and distinctly claim the subject matter which the applicant(s) and/or patentee(s) regard as their invention(s).

34.  Based on Powerbahn's filing of the Complaint, an actual controversy has arisen and now exists between the parties as to the validity of the claims of the '015 Patent.

35.  Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Foundation requests a declaration from the Court that the claims of the '015 Patent are invalid for failure to comply with the provisions of the patent laws, 35 U.S.C. §§ 100 *et seq.*, including, but not limited to one or more of the reasons listed above.

## COUNTERCLAIM COUNT VIII

### Declaratory Judgment of Non-Infringement of the '015 Patent

36.  Foundation incorporates by reference each and every allegation set forth in Paragraph 1 through 35 of this Counterclaim as if fully set forth and restated herein.

37.  Any claims of the '015 Patent that may not be, *arguendo*, held invalid and/or unenforceable are so restricted in scope that Foundation has not infringed, and does not infringe, upon any such claims.

38.  Based on Powerbahn's filing of the Complaint, an actual controversy has arisen and now exists between the parties as to the non-infringement of the claims of the '015 Patent.

24

6362898_1

39.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Foundation requests a declaration from the Court that it has not and is not infringing upon any of the claims of the '015 Patent.

### Jury Demand

Foundation demands a jury trial on all issues triable of right by a jury.

### Prayer for Relief

WHEREFORE, Counterclaim-Plaintiff Foundation respectfully prays that the Court enter judgment in its favor and award the following relief against Powerbahn:

A.     Declaring that Foundation has not infringed and is not infringing upon any of the claims of the Patents-in-Suit;

B.     Declaring that each claim of the Patents-in-Suit is invalid and of no force or effect;

C.     Declaring this case exceptional under 35 U.S.C. § 285.

D.     Permanently enjoining Powerbahn and its officers, directors, agents, servants, employees and attorneys, and any and all persons in active concert or participation with any of them, from asserting, stating, implying or suggesting that Foundation and/or any of its respective officers, directors, agents, servants, employees, subsidiaries or customers, infringe upon any of the claims of the Patents-in-Suit;

E.     Awarding Foundation its costs and reasonable attorneys' fees incurred in connection with this action; and

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

LEWIS ROCA
ROTHGERBER

50 West Liberty Street
Suite 410
Reno, Nevada 89501

6362898_1

F.    Awarding and granting Foundation such other and further relief as the Court deems just and proper under the circumstances.

DATED this 17th day August, 2015.

Respectfully submitted,

LEWIS ROCA ROTHGERBER LLP

/s/ David C. McElhinney
David McElhinney, Esq., State Bar No. 0033
Kristen L. Martini, Esq., State Bar No. 11272
50 W. Liberty Street, Ste. 410
Reno, Nevada  89501

*In association with:*

BRYAN CAVE LLP
RANDY J. SORIANO, ESQ. (*admitted pro hac vice*)
DANIEL A. CROWE, ESQ. (*admitted pro hac vice*)
SCOTT E. YACKEY, ESQ. (*admitted pro hac vice*)
211 North Broadway, Suite 3600
St. Louis, MO  63102-2750

*Attorneys for Defendant Wahoo Fitness L.L.C.*
*and Foundation Fitness, LLC*

26

6362898_1

1

## CERTIFICATE OF SERVICE

Pursuant to Federal Rule of Civil Procedure 5(b), I certify that I am an employee of LEWIS ROCA ROTHGERBER LLP, and that on the 17th day of August, 2015, I caused the foregoing **FOUNDATION FITNESS, LLC'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS** to be served:

    x     by electronically filing the foregoing with the CM/ECF electronic filing system, which will send a notice of electronic filing to the following:

Matthew M. Wawrzyn, Esq.
*mwawrzyn@siprut.com*
Stephen C. Jarvis, Esq.
*sjarvis@siprut.com*
SIPRUT PC
17 North State Street, Suite 1600
Chicago, IL  60602

Thomas J. Hall, Esq.
*tjhlaw@eschelon.com*
Gregory J. Hall, Esq.
*gjhlaw@hotmail.com*
LAW OFFICES OF THOMAS J. HALL
P.O. Box 3948
Reno, NV  89505

*Attorneys for Plaintiff POWERbahn, LLC*

Leslie Bryan Hart, Esq.
*lhart@fclaw.com*
Fennemore Craig, P.C.
300 E. Second St., Suite 1510
Reno, NV 89501

David Jeanchung Tsai, Esq.
*dtsai@perkinscoie.com*
Perkins Coie LLP
4 Embarcadero Center, Suite 2400
San Francisco, CA  94111

Christopher Kao, Esq.
*ckao@perkinscoie.com*
Perkins Coie LLP
3150 Porter Drive
Palo Alto, CA  94304

*Attorneys for Defendant Giant
Bicycle, Inc.*


/s/ Laura J. Heath
Laura J. Heath

6362898_1