Thomas J. Hall (Nevada Bar No. 675)
Gregory J. Hall (Nevada Bar No. 12221)
tjhlaw@eschelon.com
Law Offices of Thomas J. Hall
305 S. Arlington Ave.
P.O. Box 3948
Reno, NV 89505
(775) 348.7011

Matthew M. Wawrzyn (*pro hac vice*)
matt@wawrzylaw.com
Stephen C. Jarvis (*pro hac vice*)
stephen@wawrzynlaw.com
WAWRZYN & JARVIS LLC
2700 Patriot Boulevard, Suite 250
Glenview, IL 60026
847.656.5864

*Counsel for POWERbahn, LLC*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**
**RENO DIVISION**

| | |
|---|---|
| POWERbahn, LLC<br><br>         Plaintiff,<br><br>   v.<br><br>Foundation Fitness LLC and Wahoo Fitness LLC,<br><br>         Defendants. | Case No. 3:15-cv-00327-MMD-WGC<br><br>Judge: Hon. Miranda M. Du<br>Magistrate: Hon. William G. Cobb<br><br>**PLAINTIFF POWERBAHN'S MOTION FOR PARTIAL SUMMARY JUDGMENT OF INFRINGEMENT AND MEMORANDUM OF POINTS AND AUTHORITIES** |

### INTRODUCTION

POWERbahn filed a complaint against Wahoo two years ago for patent infringement. The patents-in-suit claim an exercise device that gives, for example, a stationary bike rider a virtual experience of biking outdoors. The patents read on the Wahoo KICKR: "KICKR's professional-grade high inertia flywheel is engineered to provide a ultra realistic road feel."

http://www.wahoofitness.com.

The parties engaged a private mediator and spent many months after the mediation attempting without Court involvement to resolve this dispute—which includes claims and potential claims of willful patent infringement and trade secret misappropriation against a former Nautilus, Inc. executive, Patrick Warner. While unsuccessful in that endeavor, plaintiff and defendants managed to crystallize the issues. Simply put, POWERbahn thinks its patent claims read on the KICKR. Defendants disagree and think a prior art reference called Sargeant invalidates.

POWERbahn requests that partial summary judgment be granted in its favor, holding Wahoo liable for infringement of claim 16 of U.S. Patent 7,066,865 (hereinafter, the "'865 patent").

**MATERIAL ISSUES OF FACT**

1. POWERbahn is the exclusive licensee of the '865 patent, with the right to sue. (Ex. A (License Agreement) §§ 2.1 & 3.2.)

2. Claim 16 of the '865 patent is "an apparatus for simulating forces and movement of a human subject during a physical activity, comprising: a base . . . a moveable member mounted to the base . . . a force-generating device operably coupled to the moveable member . . . a sensor . . . and . . . a controller . . . ." (Ex. B ('865 patent), cols. 61:25-62:6.)

3. The Claim 16 moveable member "defin[es] a velocity and receiv[es] an input force applied to the moveable member by a human subject . . . ." (*Id.*, col. 61:28-31.)

4. The claim 16 apparatus has "a force-generating device operably coupled to the moveable member and applying a resistance force to the moveable member . . . ." (*Id.*, col., 61:32-34.)

5. The claim 16 apparatus also has "a sensor configured to provide a signal corresponding to . . . an input force applied to the movable member by a human subject . . . ." (*Id.*, col. 61:35-38.)

6. Lastly, claim 16 comprises, "a controller configured to control the resistance force applied to the movable member by the force-generating device based, at least in part, on a signal provided by the sensor and a haptic equation incorporating an equation of motion of a human subject performing the physical activity being simulated." (*Id.*, col. 62:1-6.) "It should be noted that

the more frequently the actual force F is monitored **1815**, the more realistic is the simulation of the apparatus **100** to the circumstances being simulated. In the preferred embodiment of the present invention, the CPU **310** obtains **1815** a new force value F from the force sensor **315** and/or **316** at least every tenth of a second, more preferably every one-hundredth of a second, more preferably every one-thousandth of a second, and still more preferably every ten-thousandth of a second." (*Id.*, col. 48:56-64.)

7. Wahoo sells KICKR trainers. *See* http://www.wahoofitness.com. The KICKR has a base. (Ex. C (Infringement Contentions) at 1.)

8. The KICKR has a "moveable member mounted to the base," and the moveable member defines a velocity and receives "an input force applied to the moveable member by a human subject." (*Id.* at 2.) A user of the KICKR removes the rear wheel from her bicycle and attaches the KICKR's "Freehub Module" to the bicycle. (*Id.*) When the user pedals her bicycle attached to the KICKR, she moves the chain attached to the cassette and spins the Freehub Module—defining a velocity and receiving an input force by the user. (*Id.*)

9. The KICKR also has the "force-generating device operably coupled to the moveable member." (*Id.* at 3.) The KICKR has a "Resistance Module" operably coupled to the moveable member with a belt. (*Id.*) The Resistance Module contains an electromagnetic brake that applies a resistance force to the Freehub Module through the belt. (*Id.*)

10. The KICKR has two sensors. (*Id.* at 4.) An Optical Encoder provides a signal corresponding to the velocity of the Freehub Module. (*Id.*) Also, a Strain Gauge provides a signal corresponding to the input force applied to the Freehub Module. (*Id.*)

11. The KICKR also has a controller that controls the resistance applied to the Freehub Module based, in part, on the signal from the Strain Gauge and an application that uses an equation of motion relative to a user pedaling a bicycle: "you can enter your weight, bike type, riding position, headwind and grade and the KICKR will accurately model the power curve just as if YOU were riding outdoors." (*Id.* at 5.)

12. Wahoo has made a number of statements that prove that the KICKR operates in an infringing manner. First, Wahoo's Chief Executive Officer, Chip Hawkins, described the KICKR

as follows: "We can add in brake torque dynamically to make up for the delta between real bike/rider weight and flywheel inertia. This allows us to provide a feel that is about as close as you can get to going outside and riding without requiring a really massive flywheel." http://forum.slowtwitch.com/cgi-bin/gforum.cgi?post=4139803 (8/30/2012) (attached hereto as Exhibit D).

13. Second, Wahoo's patent application that purports to cover the KICKR—U.S. Pub. No. 2014/0171266 A1—provides in pertinent part as follows:

> According to an example embodiment, the bicycle trainer **1902**, and specifically the microprocessor, will continually adjust a PWM signal delivered to the electromagnetic braking system at a rate of 64 Hz [i.e., 64 times per second]. . . . The bicycle trainer **1902** will measure instantaneous flywheel speed based on how fast the rider is pedaling and calculate the power the rider is using to pedal based on torque applied at the flywheel **48** and compare the measurements with the power set point based on the static and dynamic variables to determine if more or less electromagnetic braking is required.

(Ex. E. ('266 pub.) [0096].)[1]

## ARGUMENT

**I. CLAIM 16 OF THE '865 PATENT READS ON THE KICKR.**

**A. Summary Judgment Standard**

"[S]ummary judgment is as appropriate in a patent case as any other." *Avia Group Int'l, Inc. v. LA Gear California, Inc.*, 853 F.2d 1557, 1561 (Fed. Cir. 1988) (abrogated on other grounds). Summary judgment is proper when a moving party demonstrates that there is "no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). There is no genuine issue of material fact when "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Accordingly, the Court decides "whether the evidence presents a sufficient disagreement to be presented to the trier or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). The Court must of course view the

---

[1] Wahoo statements regarding operation of the KICKR are admissible evidence pursuant to Fed. R. Evid. 801(d)(2)(A).

Motion for Partial Summary Judgment -4- Case No. 3:15-cv-00327-MMD-WGC
of Infringement

evidence in the light most favorable to the non-moving party. *Knoll Pharm. Co. v. Teva Pharms USA, Inc.*, 367 F.3d 1381, 1383 (Fed. Cir. 2004). The party opposing the summary judgment motion, though, cannot rest on attorney argument, but instead must present evidence that creates a genuine issue as to material fact for trial. *Anderson*, 477 U.S. at 249.

If defendants here cannot establish a genuine issue for trial on any essential element of their claims or defense, then plaintiff is entitled to summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). In terms of a patent-infringement case like this one, if there "is no factual dispute" that the KICKR satisfies all of the elements of the asserted claim, then summary judgment of infringement may be entered. *Revolution Eyewear, Inc. v. Aspex Eyewear, Inc.,* 563 F.3d 1358, 1370 (Fed. Cir. 2009).

**B.  Comparison of the Claim Language to the KICKR Demonstrates Literal Infringement.**

Claim 16 of the '865 patent has five elements that are present in the KICKR. First, claim 16 and the KICKR each has a base:



Second, claim 16 includes "a moveable member mounted to the base," and the moveable member does two things. It defines a velocity and receives an input force applied to the moveable member by a human subject. (Ex. B, col. 61:28-31.) The KICKR has a Freehub Module that a human subject can spin by attaching and pedaling her bicycle:



Third, claim 16 has "a force-generating device operably coupled to the moveable member and applying a resistance force to the movable member . . . ." (Ex. B, col. 61:32-34.) The KICKR has a Resistance Module operably coupled to the Freehub Module and containing an electromagnetic brake that applies a resistance force to the Freehub Module through the belt:

 

Fourth, claim 16 has "a sensor configured to provide a signal corresponding to at least one of . . . an input force applied to the moveable member by a human subject . . . ." (Ex. B, col. 61:35-38.) Likewise, the KICKR has a Strain Gauge that provides a signal corresponding to the input force applied to the Freehub Module. (Ex. E. ('266 pub.) [0096] ("According to an example embodiment, the bicycle trainer **1902**, and specifically the microprocessor, will continually adjust a PWM signal delivered to the electromagnetic braking system at a rate of 64 Hz [i.e., 64 times per

second]. . . ."); *see also id.*, [0104] ("The updateData method in the source code provided above is called more than once a second . . . ."); *id.*, [0105] ("First, the updateData method includes code to instantiate and populate data fields of the bikePowerConnection with power data from the bicycle trainer **1902** which is based on the power that the rider is using to pedal."); *id.*, [0106] ("[T]he updateData method includes code which is used to read the data fields of from the bikePowerConnection object. An instantaneous power of the rider is read using bpData.instantPower . . . .").)

Fifth, claim 16 has a controller that controls the resistance applied to the moveable member based on "a signal provided by the sensor and a haptic equation incorporating an equation of motion of a human subject performing the physical activity being simulated." (Ex. B, col. 62:3-6.) The KICKR has a controller that controls the electromagnetic brake based on, among other things, the force applied by the user (as measured by the Strain Gauge) and an equation of motion relative to a user pedaling a bicycle: "APP-CONTROLLED RESISTANCE[:] The inertia generated by the flywheel is controlled through Apps available for your smartphone, tablet or laptop—allowing you to choose your training experience." (Ex. C at 5; *see also id.* ("you can enter your weight, bike type, riding position, headwind and grade and the KICKR will accurately model the power curve just as if YOU were riding outdoors.").)

**APP-CONTROLLED RESISTANCE**

The inertia generated by the flywheel is controlled through Apps available for your smartphone, tablet or laptop-allowing you to choose your training experience.

## CONCLUSION

For the foregoing reasons, POWERbahn respectfully requests that the Court grant partial summary judgment in favor of POWERbahn, holding Wahoo liable for infringement of claim 16 of the '865 patent.

Date: <u>June 16, 2017</u>     Respectfully Submitted,

/s/ *Matthew M. Wawrzyn*

Thomas J. Hall (Nevada Bar No. 675)
Gregory J. Hall (Nevada Bar No. 12221)
*tjhlaw@eschelon.com*
Law Offices of Thomas J. Hall
305 S. Arlington Ave.
P.O. Box 3948
Reno, NV 89505
(775) 348.7011

Matthew M. Wawrzyn (*pro hac vice*)
*matt@wawrzynlaw.com*
Stephen C. Jarvis (*pro hac vice*)
*stephen@wawrzynlaw.com*
WAWRZYN & JARVIS LLC
2700 Patriot Boulevard, Suite 250
Glenview, IL 60026
(847) 656.5864

*Counsel for POWERbahn, LLC*

---

Motion for Partial Summary Judgment of Infringement     -8-     Case No. 3:15-cv-00327-MMD-WGC

**CERTIFICATE OF SERVICE**

I hereby certify that on June 16, 2017, an electronic copy of the foregoing Plaintiff POWERbahn's Motion for Partial Summary Judgment of Infringement and Memorandum of Points and Authorities was filed with the Clerk of the Court by using the CM/ECF system and thereby causing a "Notice of Electronic Filing" to be served on all counsel of record.

*/s/ Matthew M. Wawrzyn*
Matthew M. Wawrzyn