IN THEUNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| POWERBAHN, LLC, | |
| Plaintiff, | CIVIL ACTION NO. 1:17-CV-02965-AT |
| v. | |
| FOUNDATION FITNESS LLC AND WAHOO FITNESS, LLC, | |
| Defendants. | |

## DECLARATION OF NICHOLAS S. BOEBEL IN SUPPORT OF HANSEN REYNOLDS LLC'S MOTION TO WITHDRAW AS COUNSEL FOR POWERBAHN, LLC

I, Nicholas S. Boebel, declare as follows:

1.      I am an attorney at the firm Hansen Reynolds LLC. I am admitted in the states of Minnesota and Washington and am admitted *pro hac vice* in the above-captioned matter. I am currently lead counsel for POWERbahn, LLC. I submit this Declaration in Support of Hansen Reynolds LLC's Motion to Withdraw as Counsel for POWERbahn, LLC.

2.      On February 16, 2018, Hansen Reynolds entered into a retention agreement with POWERbahn, LLC. The agreement was signed by Scott Radow, the Manager of POWERbahn.  During the negotiation of the retention agreement POWERbahn was represented by independent counsel.

3.      The retention agreement included a provision requiring the satisfaction of a condition by no later than June 16, 2018. The retention agreement stated that failure of POWERbahn to satisfy the condition "shall be construed as an affirmative request by POWERbahn that the Firm withdraw from the cases constituting the Matter."  The cases constituting the Matter were *POWERbahn, LLC v. Zwift, Inc.*, CACD-2-17-cv-01393 ("Zwift") and *POWERbahn, LLC v. Foundation Fitness, LLC et al*, GAND-1-17-cv-02965 ("Foundation"). The Zwift case was settled and dismissed by the California Court.  Ex. 1 (dismissal). The Foundation case is the above-captioned case.

4.      June 16, 2018 passed and POWERbahn had not satisfied the condition of the retention agreement.  The failure of POWERbahn to meet a substantial and material obligation under the terms of the retention agreement is good cause to withdraw.  Under the terms of the retention agreement, POWERbahn has not only affirmatively requested that Hansen Reynolds withdraw from this case but also failed to substantially "fulfill an obligation to the lawyer regarding the lawyer's services." Ex. 2 (Rule 1.16(b)(5)).

5.      For a variety of reasons, undersigned as lead counsel for POWERbahn and POWERbahn's principle Scott Radow have had a complete breakdown in our working relationship and it is my good faith belief that the representation has been "rendered unreasonably difficult." Ex. 2 (Rule 1.16(b)(6).  It is also my good faith belief that I cannot continue to represent POWERbahn in a zealous and ethical manner.   Because of the breakdown in the attorney-client relationship, POWERbahn's interests can only be adequately advanced by replacement counsel.

6.      As of the filing of this motion, POWERbahn has not made any payment to Hansen Reynolds since May, 2018.  The existence and nature of the billing dispute between POWERbahn and Hansen Reynolds is such that continued representation of POWERbahn without payment would constitute a substantial financial burden on both Hansen Reynolds and undersigned counsel. Ex. 2 (Rule 1.16(b)(6)).

7.     Hansen Reynolds has taken substantial steps to protect POWERbahn's interests. These steps include at least the following: 1) advising POWERbahn as early as July, 2018 that it expected to withdraw from further representation of POWERbahn; 2) sending a letter to Scott Radow on September 24, 2018 stating that we would be withdrawing from further representation of POWERbahn in the Foundation case at the earliest opportunity; 3) providing the notice to POWERbahn required by L.R. 83.1(E)(2)(b) by mail and email no later than October 8, 2018, Ex. 3; 4) timing our motion to withdraw so as to allow our firm's participation in the completion of briefing related to claim construction; 5) offering to speak with successor counsel about the matter.  Because of the above steps this withdrawal can be accomplished "without material adverse effect on the interests of the client." Ex. 2 (Rule 1.16(b)(1))

8.     As my relationship with POWERbahn has deteriorated, local counsel at Taylor English has taken on an increasingly substantive role in connection with the above-captioned case.  Local counsel are highly-competent and capable patent-litigation attorneys.  Ex. 4 (Mullally profile).  While it does not appear that they expect to take over as lead counsel, they are more than qualified to protect POWERbahn's interests during any period between the withdrawal of Hansen Reynolds and the retention and appearance of successor lead counsel.

9.      This Court has not yet entered a Scheduling Order in this case and the pretrial conference has not yet taken place.  There is no reason that withdrawal of counsel would delay the trial in this matter.

10.     POWERbahn has stated that it intends to object to this motion to withdraw as counsel although I am not presently aware of the basis for such objection.

I declare under penalty of perjury that the foregoing is true and correct.


Dated:  October 22, 2018                    s/ *Nicholas S. Boebel*
                                            Nicholas S. Boebel (*pro hac vice*)

*Exhibit 1*

JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| POWERBAHN, LLC,<br><br>Plaintiff,<br><br>v.<br><br>ZWIFT, INC.,<br><br>Defendant. | Case No.: 2:17-cv-01393-MLH (MRWx)<br><br>**ORDER GRANTING JOINT MOTION FOR DISMISSAL AND DIRECTING THE CLERK TO CLOSE THE CASE**<br><br>[Doc. No. 119.] |

On October 17, 2018, the parties filed a joint motion to dismiss the entire action with prejudice pursuant to Federal Rule of Civil Procedure 41(a), with each party to bear its own costs and attorneys' fees. (Doc. No. 119.) The Court, for good cause shown, grants the joint motion to dismiss. All claims asserted by Plaintiff POWERbahn, LLC against Defendant Zwift, Inc. are dismissed with prejudice. All counterclaims asserted by Defendant Zwift against Plaintiff POWERbahn are dismissed with prejudice. The Court has vacated the June 13, 2018 claim construction order (Doc. No. 90). Each party shall bear its own costs and attorneys' fees with respect to the dismissed claims and counterclaims.

The Court notes that in light of the dismissal of this action with prejudice, the Court

1    vacates all dates and deadlines in this case, (Doc. Nos. 116, 118), including the November

2    5, 2018 telephonic status conference. The Clerk is directed to close the case.

3        **IT IS SO ORDERED.**

4    DATED: October 17, 2018

5

6                     MARILYN L. HUFF, District Judge
                        UNITED STATES DISTRICT COURT

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2:17-cv-01393-MLH (MRWx)

*Exhibit 2*

## Rule 1.16 Declining or Terminating Representation

(a) Except as stated in paragraph (c), a lawyer shall not represent a client or, where representation has commenced, shall withdraw from the representation of a client if:

(1) the representation will result in violation of the Rules of Professional Conduct or other law;

(2) the lawyer's physical or mental condition materially impairs the lawyer's ability to represent the client; or

(3) the lawyer is discharged.

(b) Except as stated in paragraph (c), a lawyer may withdraw from representing a client if:

(1) withdrawal can be accomplished without material adverse effect on the interests of the client;

(2) the client persists in a course of action involving the lawyer's services that the lawyer reasonably believes is criminal or fraudulent;

(3) the client has used the lawyer's services to perpetrate a crime or fraud;

(4) the client insists upon taking action that the lawyer considers repugnant or with which the lawyer has a fundamental disagreement;

(5) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;

(6) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or

(7) other good cause for withdrawal exists.

(c) A lawyer must comply with applicable law requiring notice to or permission of a tribunal when terminating a representation. When ordered to do so by a tribunal, a lawyer shall continue representation notwithstanding good cause for terminating the representation.

(d) Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled, and refunding any advance payment of fees or expenses that has not been earned or incurred.

(e) Papers and property to which the client is entitled include the following, whether stored electronically or otherwise:

(1) in all representations, the papers and property delivered to the lawyer by or on behalf of the client and the papers and property for which the client has paid the lawyer's fees and reimbursed the lawyer's costs;

(2) in pending claims or litigation representations:

(i) all pleadings, motions, discovery, memoranda, correspondence and other litigation materials which have been drafted and served or filed, regardless of whether the client has paid the lawyer for drafting and serving the document(s), but shall not include pleadings, discovery, motion

**MINNESOTA COURT RULES**

papers, memoranda and correspondence which have been drafted, but not served or filed if the client has not paid the lawyer's fee for drafting or creating the documents; and

       (ii) all items for which the lawyer has agreed to advance costs and expenses regardless of whether the client has reimbursed the lawyer for the costs and expenses including depositions, expert opinions and statements, business records, witness statements, and other materials that may have evidentiary value;

     (3) in nonlitigation or transactional representations, client files, papers, and property shall not include drafted but unexecuted estate plans, title opinions, articles of incorporation, contracts, partnership agreements, or any other unexecuted document which does not otherwise have legal effect, where the client has not paid the lawyer's fee for drafting the document(s).

    (f)  A lawyer may charge a client for the reasonable costs of duplicating or retrieving the client's papers and property after termination of the representation only if the client has, prior to termination of the lawyer's services, agreed in writing to such a charge.

    (g)  A lawyer shall not condition the return of client papers and property on payment of the lawyer's fee or the cost of copying the files or papers.

(Amended effective October 1, 2005.)

### Comment

    *[1] A lawyer should not accept representation in a matter unless it can be performed competently, promptly, without improper conflict of interest and to completion. Ordinarily, a representation in a matter is completed when the agreed-upon assistance has been concluded. See Rules 1.2(c) and 6.5. See also Rule 1.3, Comment [4].*

### Mandatory Withdrawal

    *[2] A lawyer ordinarily must decline or withdraw from representation if the client demands that the lawyer engage in conduct that is illegal or violates the Rules of Professional Conduct or other law. The lawyer is not obliged to decline or withdraw simply because the client suggests such a course of conduct; a client may make such a suggestion in the hope that a lawyer will not be constrained by a professional obligation.*

    *[3] When a lawyer has been appointed to represent a client, withdrawal ordinarily requires approval of the appointing authority. See also Rule 6.2. Similarly, court approval or notice to the court is often required by applicable law before a lawyer withdraws from pending litigation. Difficulty may be encountered if withdrawal is based on the client's demand that the lawyer engage in unprofessional conduct. The court may request an explanation for the withdrawal, while the lawyer may be bound to keep confidential the facts that would constitute such an explanation. The lawyer's statement that professional considerations require termination of the representation ordinarily should be accepted as sufficient. Lawyers should be mindful of their obligations to both clients and the court under Rules 1.6 and 3.3.*

### Discharge

    *[4] A client has a right to discharge a lawyer at any time, with or without cause, subject to liability for payment for the lawyer's services. Where future dispute about the withdrawal may be anticipated, it may be advisable to prepare a written statement reciting the circumstances.*

    *[5] Whether a client can discharge appointed counsel may depend on applicable law. A client seeking to do so should be given a full explanation of the consequences. These consequences may*

**MINNESOTA COURT RULES**

*include a decision by the appointing authority that appointment of successor counsel is unjustified, thus requiring self-representation by the client.*

*[6] If the client has severely diminished capacity, the client may lack the legal capacity to discharge the lawyer and in any event the discharge may be seriously adverse to the client's interests. The lawyer should make special effort to help the client consider the consequences and may take reasonably necessary protective action as provided in Rule 1.14.*

### Optional Withdrawal

*[7] A lawyer may withdraw from representation in some circumstances. The lawyer has the option to withdraw if it can be accomplished without material adverse effect on the client's interests. Withdrawal is also justified if the client persists in a course of action that the lawyer reasonably believes is criminal or fraudulent, for a lawyer is not required to be associated with such conduct even if the lawyer does not further it. Withdrawal is also permitted if the lawyer's services were misused in the past even if that would materially prejudice the client. The lawyer may also withdraw where the client insists on taking action that the lawyer considers repugnant or with which the lawyer has a fundamental disagreement.*

*[8] A lawyer may withdraw if the client refuses to abide by the terms of an agreement relating to the representation, such as an agreement concerning fees or court costs or an agreement limiting the objectives of the representation.*

*Exhibit 3*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| POWERBAHN, LLC, | |
| Plaintiff, | CIVIL ACTION NO. 1:17-CV-02965-AT |
| v. | Special Master |
| FOUNDATION FITNESS LLC AND WAHOO FITNESS, LLC, | William H. Needle |
| Defendants. | |

## NOTICE OF INTENT TO WITHDRAW PURSUANT TO LOCAL RULE 83.1(E)

TO: Mr. Scott Radow, Manager, POWERbahn LLC.

Local Rule 83.1(E) for the Northern District of Georgia requires the following notice before attorney withdrawal:

A. For various reasons explained elsewhere, Hansen Reynolds and Nicholas Boebel wish to withdraw as counsel of record for POWERbahn;

B. The action your attorney wishes to withdraw from is: *POWERbahn LLC v. Foundation Fitness, LLC et al.*, GAND-1-17-cv-02965;

C. The Court retains jurisdiction of this action, including jurisdiction to set the schedule and issue orders affecting POWERbahn's rights and withdrawal of counsel does not stay the action;

D. POWERbahn will have an ongoing obligation to keep the Court informed about where notices, pleadings, or other papers may be served;

E. POWERbahn has an obligation to retain other counsel to continue discovery and prepare for trial;

F. If POWERbahn fails to retain other counsel, POWERbahn may suffer severe adverse consequences, including the loss of its intellectual property rights, imposition of sanctions, and/or other;

G. The case schedule has not yet been set, but POWERbahn has filed objections to the Special Master Report and Recommendation regarding

claim construction on October 1, 2018. POWERbahn may at its option file a reply memorandum regarding the objections within 14 calendar days of any responsive memorandum filed by Wahoo/Foundation. Wahoo/Foundation filed objections and motion to adopt certain of the Special Master Recommended constructions, POWERbahn will need to respond within 14 calendar days of the Wahoo/Foundation objections. These dates will not be altered by the withdrawal of counsel;

H. Service of notices may be made upon POWERbahn at its business address:

Mr. Scott Radow
Manager, POWERbahn LLC
5615 Forest Circle
Reno, NV 89511

I. Because POWERbahn is a business entity, POWERbahn may not represent itself in Court and must be represented by an attorney. In addition, the attorney representing POWERbahn must sign all pleadings submitted to the Court. A corporate officer may not represent POWERbahn unless the officer is also an attorney licensed to practice law in the State of Georgia. Failure of POWERbahn to retain counsel to

represent it may result in adverse consequences including a default judgment being entered against POWERbahn;

J.  Since you have not yet advised us whether you consent to withdrawal, you have fourteen (14) calendar days from the filing of the motion to withdraw to object to the withdrawal;

K.  Under Local Rule 83.1(E)(4), POWERbahn must retain another attorney and have that attorney make an appearance within twenty-one (21) days of withdrawal.

Dated:  October 7, 2018          Respectfully submitted,

s/ *Nicholas S. Boebel*
Nicholas S. Boebel (*pro hac vice*)
**Hansen Reynolds LLC**
225 South Sixth Street, Suite 3900
Minneapolis, MN 55402
Telephone: (206) 268-9320

*Counsel for Plaintiff*

## <u>CERTIFICATE OF COMPLIANCE</u>

I hereby certify that the foregoing document was prepared using Book Antigua, 13-point, and otherwise conforms to the requirements of Local Rule 5.1.

> */s/ Nicholas S. Boebel*
> Nicholas S. Boebel
> (admitted pro hac vice)
>
> *Attorney for Plaintiff*
> *POWERbahn, LLC*

## <u>SERVICE LIST</u>

I hereby certify that on the 7th day of October, 2018 the above notice was served on POWERbahn LLC through its Manager, Mr. Scott Radow by sending via U.S. mail and email (scott@powerbahn.com):

Mr. Scott Radow
MGR POWERbahn LLC
5615 Forest Circle
Reno, NV 89511

_/s/Nicholas S. Boebel_
Nicholas S. Boebel

*Exhibit 4*



**taylor | english**

the purpose–built law firm®

why taylor english    people    services

client successes    news    careers    contact



PROFILE    PRACTICE HIGHLIGHTS

NEWSROOM    FULL BIO

*Being part of a strong IP team within a firm that also offers a full array of legal services allows me to work with talented colleagues who have a variety of other legal specialties to ensure that clients' intellectual property rights and business objectives are pursued in a comprehensive and coordinated manner.*

Kelly Mullally is an experienced intellectual property lawyer and general appellate litigator focused on providing strategic advice to achieve her clients' goals. In her intellectual property work, Ms. Mullally counsels clients regarding all aspects of intellectual property procurement and

# Mullally

Dispute Resolution +

Technology +

kmullally@taylorenglish.com
678.336.7285

View More ›

**EDUCATION**

University of Georgia School of Law, JD, *summa cum laude*, First Honor Graduate, 1998

Order of the Coif, *Georgia Law Review*, Intellectual Property and Entertainment Law Association

Isaac Meinhard Award (Highest Academic Average Throughout Law School), Chaffin Award for Excellence in Fiduciary Law, Law School Association scholarship recipient, Georgia Bar Association Real Property Award, Outstanding Student Award, First-Year Moot Court Competition Best Brief Finalist

Georgia Institute of Technology, BS, Chemistry, highest honors, 1995



taylor | english

the purpose-built law firm®

why taylor english    people    services

client successes    news    careers    contact

pharmaceuticals, and polymer films. Ms. Mullally has represented clients in all stages of litigation, with experience from bench and jury patent trials in the U.S. District Courts, to U.S. Circuit Court appeals, through the U.S. Supreme Court certiorari petition stage. In addition to her litigation work, Ms. Mullally has provided client counseling and prepared opinions in the patent and trademark areas. She is registered to practice before the U.S. Patent and Trademark Office (USPTO) and represents clients in trademark prosecution and *inter partes* trademark and patent proceedings before the USPTO.

A significant portion of Ms. Mullally's practice also involves general commercial appellate litigation. She has substantial experience in all phases of the federal appeals process, representing clients and working with trial counsel in cases dealing with such varied legal topics as administrative law, labor and employment law, tort law, and complex procedural issues. Skilled at readily applying her expertise in new contexts, Ms. Mullally enjoys resolving difficult legal questions in a wide range of subject matters.

Before joining Taylor English, Ms. Mullally was a law professor for 10 years. During that time, she deepened her expertise by teaching, writing, and speaking throughout the country on topics including patent licensing, international

NCAA Division 1 Women's Soccer

**CLERKSHIPS**

U.S. Court of Appeals for the 11th Circuit, Hon. J.L. Edmondson

U.S. Court of Appeals for the Federal Circuit, Hon. William C. Bryson

**BAR ADMISSIONS**

Georgia

U.S. Patent and Trademark Office

**COURTS & ADJUDICATIVE BODIES**

U.S. Court of Appeals for the Federal Circuit

U.S. Court of Appeals for the 11th Circuit

U.S. District Court for the Northern District of Georgia



the purpose–built law firm®

why taylor english    people    services

client successes    news    careers    contact

School of Law, where she graduated first in her class and served on the *Georgia Law Review*. After graduating from law school, she served as a law clerk for Judge J.L. Edmondson on the U.S. Court of Appeals for the Eleventh Circuit and then for Judge William C. Bryson on the U.S. Court of Appeals for the Federal Circuit. Ms. Mullally received her BS in Chemistry, with highest honors, from the Georgia Institute of Technology, where she conducted research in polymer chemistry and industrial chemicals, and also worked in industry researching protein adhesion on nonwoven (polymeric) fabrics.

**MEMBERSHIPS**

Atlanta Intellectual Property Inn of Court, Founding Member, Master, Past Pupilage Group Chair

Federal Bar Association

**COMMUNITY INVOLVEMENT**

Youth Soccer Coach, 2009-present

Arbor Montessori School, Parent Involvement Committee, 2011-2015; Diversity Committee, 2010-2012



why taylor english   people   services

client successes   news   careers   contact