IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| POWERBAHN, LLC, <br><br> Plaintiff, <br><br> v. <br><br> FOUNDATION FITNESS LLC and WAHOO FITNESS, LLC, <br><br> Defendants. | Civil Action File No. <br><br> 1:17-CV-02965-AT <br><br> Special Master <br> William H. Needle |

**PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT
AND SUPPORTING MEMORANDUM**

Plaintiff POWERbahn, LLC ("POWERbahn") respectfully moves, pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, for leave to file the Proposed First Amended Complaint ("FAC") attached hereto as Exhibit 1.

In support of this motion, POWERbahn shows that (a) its proposed additional claim for correction of inventorship did not arise until the issuance of Wahoo's U.S. Patent No. 10,046,222 ("the '222 Patent") on August 14, 2018, (b) its other proposed additional claims (other than induced infringement), derive, in whole or in part, from the same set of facts as its correction of inventorship

claim; and (c) its proposed FAC will not require any alteration of the parties' proposed discovery schedule.

## ARGUMENT AND AUTHORITIES

Federal Rule of Civil Procedure 15(a) provides that leave to amend a complaint should be "freely give[n] … when justice so requires." Fed. R. Civ. P. 15(a)(2). "Rule 15(a) severely restricts the district court's freedom" to deny leave to amend; "unless a substantial reason exists to deny leave to amend, the discretion of the district court is not broad enough to permit denial." *Shipner v. E. Air Lines, Inc.,* 868 F.2d 401, 407 (11th Cir. 1989); *see also, e.g., Luxottica Grp. v. Airport Mini Mall, LLC,* 169 F. Supp. 3d 1343, 1345 (N.D. Ga. 2016). "Thus, the Court should deny leave to amend *only* where the amendment will result in undue delay, bad faith, undue prejudice, a repeated failure to cure deficiencies by amendments previously allowed, or futility." *Luxottica Grp.,* 169 F. Supp. 3d at 1345; *accord Foman v. Davis,* 371 U.S. 178, 182 (1962) (emphasis added). None of those circumstances is present here.

POWERbahn's proposed amendment would be the first amendment to the original complaint in this action. Although the original scheduling order entered in the District of Nevada [Document 73] called for amendments to the pleadings to be filed by April 1, 2017, that scheduling order was entered before the parties' early

attempt to mediate this case, and before the case was transferred to this Court, both of which caused a substantial pause in the case proceedings.  In addition, POWERbahn's lead counsel in this matter has changed twice since entry of that order.  Now that the asserted patent claims have been construed by the Court and the parties have proposed a schedule for completing discovery expeditiously, POWERbahn shows that good cause exists to allow POWERbahn to amend its complaint in this case for the reasons set forth below.

First, POWERbahn's proposed claims for induced infringement (Counts 2 and 4 of the proposed FAC) relate directly to the direct and willful patent infringement claims asserted in the original complaint, and merely add Foundation's officer, Patrick Warner, as a party defendant in addition to Foundation, based on the fact asserted in the proposed FAC.

Second, POWERbahn's proposed claim for correction of inventorship of the recently issued Wahoo patent (Count 5 of proposed FAC) could not have been brought until the Wahoo patent issued in August of 2018.  *See* 35 U.S.C. § 256(a) (correction available for "issued patent"); *Pappalardo v. Stevins*, 746 F. App'x 971, 974 (Fed. Cir. 2018) ("'A § 256 claim for correction of inventorship does not accrue until the patent issues.' *Hor v. Chu*, 699 F.3d 1331, 1335 (Fed. Cir. 2012).").  Because POWERbahn's correction of inventorship claim could not have

been asserted before the Wahoo '222 Patent issued on August 14, 2018, and because this claim arises from facts generally related to the underlying infringement claims in this case, good cause exists to allow this claim, and the other proposed additional claims, to be asserted now in the proposed FAC.

Third, thirteen days after Wahoo's '222 Patent issued, the Special Master issued his Report and Recommendation on Claim Construction [D136].  In the midst of analyzing the Special Master's Report and asserting and briefing its objections to it, POWERbahn and its former lead counsel parted ways, and POWERbahn was forced to engage new lead trial counsel.  Undersigned new lead trial counsel was engaged in October 2018 and immediately faced completing claim construction briefing and getting up to speed on this case as quickly as possible to be prepared to proceed promptly upon the Court's entry of its claim construction order.  During that investigation, counsel became aware of the additional claims asserted in the proposed FAC.  These claims include proposed new Counts 6-14, which arise, in whole or in part, from the same overall common set of facts underlying POWERbahn's proposed correction of inventorship claim under Section 256 concerning Wahoo's '222 Patent (Count 5), as set forth in detail in the proposed FAC.

Fourth, the facts underling its proposed additional claims also overlap the facts underlying its original patent infringement claims and would not require substantial additional depositions or discovery.  The proposed additional claims involve the same parties, with only the addition of Foundation officer, Pat Warner, who will be deposed for the underlying patent infringement claim with or without the proposed FAC.  The proposed additional claims will also involve discovery concerning the same accused products as the underlying patent infringement claims.  POWERbahn thus believes (a) that it can complete all discovery necessary to prepare these claims for trial within the deadlines proposed in the parties' Joint Status Report, and (b) that allowing these additional claims will not delay the parties' preparations for trial.

For the foregoing reasons and for good cause shown, POWERbahn respectfully requests that the proposed new claims asserted in its proposed FAC be added to this case so discovery, expert discovery, settlement discussions, trial preparation, and trial itself can be conducted in the most efficient manner possible, with all issues existing between the parties on the table and before the Court.

Respectfully submitted, this 22nd day of March, 2019.

/s/Daniel A. Kent
Daniel A. Kent
Georgia Bar No. 415110

**KENT & RISLEY**
5755 N. Point Pkwy, Suite 57
Alpharetta, GA 30022
Phone: (404) 585-4214
Fax: (404) 829-2412
Email: dankent@kentrisley.com

Kelly Casey Mullally
Georgia Bar No. 115114
kmullally@taylorenglish.com
**TAYLOR ENGLISH DUMA LLP**
1600 Parkwood Circle, Suite 400
Atlanta, Georgia 30339
Phone: (770) 434-6868
Facsimile: (770) 434-7376

Attorneys for Plaintiff

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rules 5.1B and 7.1D, this certifies that the foregoing brief has been prepared with Times New Roman 14 point font.

This 22nd day of March, 2019.

/s/*Daniel A. Kent*
Daniel A. Kent

## CERTIFICATE OF SERVICE

I certify that today I served a true and correct copy of the following document using the Court's CM/ECF system, which will automatically serve a copy on all counsel of record.

Respectfully submitted, this 22nd day of March, 2019.

*/s/Daniel A. Kent*
Daniel A. Kent
Georgia Bar No. 415110

KENT & RISLEY
5755 N. Point Pkwy, Suite 57
Alpharetta, GA 30022
Phone: (404) 585-4214
Fax: (404) 829-2412
Email: dankent@kentrisley.com

Attorney for Plaintiff
