IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

|  |  |  |
|---|---|---|
| POWERBAHN, LLC, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. |
| | : | 1:17-CV-02965-AT |
| FOUNDATION FITNESS LLC, | : | |
| WAHOO FITNESS, LLC, and | : | |
| PATRICK WARNER | : | |
| | : | |
| Defendants. | | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT PATRICK
WARNER'S MOTION TO DISMISS PLAINTIFF'S AMENDED
COMPLAINT**

Patrick Warner ("Mr. Warner") respectfully submits this Memorandum in

support of his motion to dismiss the First Amended Complaint filed by Powerbahn,

LLC ("Powerbahn" or "Plaintiff") (Dkt. No. 166) ("Amended Complaint").

## I.    SUMMARY OF THE ARGUMENT

Powerbahn's Amended Complaint should be dismissed as against Mr.

Warner pursuant to Federal Rule of Civil Procedure 12(b)(2) for Powerbahn's

failure to allege sufficient facts to make out a prima facie case for personal

jurisdiction over Mr. Warner.  Powerbahn fails to assert, which, if any, of the six

subsections under the Georgia long-arm statute are met with respect to Mr. Warner

68482801.4

in order to confer personal jurisdiction.   Notwithstanding Mr. Warner's Declaration refuting any of Powerbahn's alleged bases for personal jurisdiction over Mr. Warner (*see* Declaration of Patrick Warner ("Warner Decl."), attached), Powerbahn's allegations with respect to Mr. Warner are insufficient in that they fail to establish personal jurisdiction pursuant to any of the subsections contained in the Georgia long-arm statute.  Lastly, Mr. Warner does not maintain "minimum contacts" with Georgia necessary to confer personal jurisdiction consistent with the guarantee of due process.

## II.    RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

### A.    The Parties

Mr. Warner is a citizen and resident of Colorado.  Mr. Warner is the Senior Vice President at Foundation Fitness LLC ("Foundation Fitness").

Foundation Fitness is an Oregon limited liability company having a place of business in Portland, Oregon.  Among other things, Foundation Fitness is a leading representative of several world-class commercial fitness equipment brands and is also the parent company of the global cycling brand, Stages Cycling.

Wahoo Fitness, LLC ("Wahoo Fitness") is a Georgia limited liability company with a place of business in Atlanta, Georgia.  Wahoo Fitness is a fitness

68482801.4

technology company that designs, develops, and sells fitness equipment, including the KICKR Smart Trainer.

Powerbahn is a Florida limited liability company with its principal place of business in Reno, Nevada.  (*See* Dkt. No. 166 at ¶ 1.)  Powerbahn alleges in the Amended Complaint that it is in the business of research and development of products and technology concerning exercise devices, among other things.  (*Id.* at ¶ 10.)  Powerbahn alleges that it is the exclusive licensee of U.S. Patent Nos. 7,066,865 and 7,862,476 (the "Asserted Patents").  (*Id.* at ¶¶55, 67.)  Additionally, Mr. Scott Radow is the founder of Powerbahn and a named inventor of the Asserted Patents.

### B.    Procedural History

On June 18, 2015, Powerbahn filed its original complaint in the District of Nevada alleging patent infringement against Foundation Fitness, Wahoo Fitness, and Giant Bicycle, Inc. ("Giant")[1] for allegedly infringing the Asserted Patents pursuant to their making, using, selling, and/or offering for sale the Kickr Power Trainer.  (*See generally* Dkt. No. 1.)  Wahoo Fitness later moved to dismiss or alternatively transfer to the Norther District of Georgia, whereupon the Nevada Court transferred the lawsuit to this Court on August 7, 2017.  (Dkt. No. 88.)

---

[1] Giant was dismissed from the lawsuit on August 31, 2015. (Dkt. No. 51.)

Recently, and relevant to the instant motion, Powerbahn filed its Amended Complaint on April 3, 2019 that added new allegations, new causes of action for induced patent infringement, new accused products, and also, for the first time, named Mr. Warner as a defendant.  (*See* Dkt. No. 166.)

Given Powerbahn's failure include allegations as to how this Court may extend personal jurisdiction over nonresident Mr. Warner, and the insufficiency of any allegations that could arguably support establishing such personal jurisdiction, Mr. Warner now moves to dismiss the Amended Complaint against him.

## III.   LAW AND ARGUMENT

### A.   Powerbahn Has Not Established Personal Jurisdiction over Mr. Warner.

With respect to nonresident defendants, federal courts must undertake a two-part analysis of a plaintiff's jurisdictional allegations.  *Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc.*, 593 F.3d 1249, 1257–58 (11th Cir. 2010).  First, courts look to the forum state's long-arm statute to ascertain whether it confers jurisdiction.  *Id.*  Next, even where the exercise of personal jurisdiction over a nonresident would be permissible under such statute, courts must ensure that the exercise of jurisdiction is consistent with the Due Process Clause of the Fourteenth Amendment—which requires that a nonresident defendant have sufficient minimum contacts with the forum state such that maintenance of the a lawsuit

would not offend traditional notions of fair play and substantial justice. *Id; see also Imageline, Inc. v. Fotolia LLC*, 663 F. Supp. 2d 1367, 1372 (N.D. Ga. 2009.)

Powerbahn bears the burden of establishing the Court's personal jurisdiction over each named defendant. *Stubbs v. Wyndham Nassau Resort & Crystal Palace Casino*, 447 F.3d 1357, 1360 (11th Cir. 2006) (internal citations omitted); *see also United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009) ("A plaintiff seeking the exercise of personal jurisdiction over a nonresident defendant bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction." (citing *Posner v. Essex Ins. Co., Ltd*., 178 F.3d 1209, 1214 (11th Cir. 1999) (per curiam)).)

As an initial matter, Powerbahn, fails to allege any subsection of Georgia's long-arm statute under which personal jurisdiction may be established over Mr. Warner.  Instead, Powerbahn, in conclusory fashion and without support, alleges that "the Court's exercise of personal jurisdiction over defendants in this action is consistent with the Georgia's [sic] long-arm statute and traditional notions of fair play and justice."  (Dkt. No. 166 at ¶ 8.)  To be sure, Powerbahn does not meet its burden to make out a prima facie case as it has provided insufficient allegations to identify the specific basis upon which this forum may exercise personal

jurisdiction over a nonresident defendant.  On this basis alone, the Court should dismiss Mr. Warner from the instant lawsuit.

### 1.     Mr. Warner Cannot Be Reached by Georgia's Long-Arm Statute.

For Mr. Warner to be individually subject to personal jurisdiction here, the Court must first determine that it has statutory authority under Georgia's long-arm statue to assert jurisdiction over him.  *United Techs.*, 556 F.3d at 1274.  The Georgia Supreme Court has held that its long-arm statute must be read literally, and it "imposes independent obligations that the plaintiff must establish for the exercise of personal jurisdiction that are distinct from the demands of procedural due process." *See Diamond*, 593 F.3d at 1259; *Innovative Clinical & Consulting Servs., LLC v. First Nat'l Bank of Ames, Iowa*, 279 Ga. 672, 674 (2005).  Georgia's long-arm statute has six subsections[2] under which a court may exercise personal jurisdiction over a nonresident defendant only if the defendant:

(1)     Transacts business within this state;

(2)     Commits a tortious act or omission within this state, except as to a cause of action for defamation of character arising from the act;

(3)     Commits a tortious injury in this state caused by an act or omission outside this state if the tortfeasor regularly does or solicits business, or

---

[2] Subsections (5) and (6) are not recited herein as they relate to domestic proceedings.  However, the applicability of these subsections is addressed *infra*.

engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state.

(4) Owns, uses, or possesses any real property situated within this state;

O.C.G.A. § 9-10-91.

Powerbahn originally filed its complaint against Foundation Fitness and Wahoo Fitness, but has now, years later, added Foundation Fitness's Senior Vice President, Mr. Warner, as a defendant.  In its Amended Complaint, Powerbahn includes new causes of action that ask the Court to find Mr. Warner personally liable for alleged inducement of patent infringement.  As noted above, Powerbahn does not identify under which of the six subsections of the Georgia long-arm statute its allegations as to Mr. Warner may apply.

Further, Plaintiff's Amended Complaint includes merely four paragraphs that counsel for Mr. Warner could readily identify as alleging facts, albeit conclusory facts, that could purportedly link Mr. Warner to this jurisdiction. Specifically, Paragraphs 57 and 69 of the Amended Complaint contain similar statements that Mr. Warner took confidential knowledge of Powerbahn's and Mr. Radow's rights claimed in the Asserted Patents "to Foundation and shared the information with Wahoo for purposes of infringing" the Asserted Patents (Dkt. No. 166 at ¶¶ 57 and 69).  Mr. Warner, however, refutes these allegations in his

declaration.  (Warner Decl. at ¶¶ 17–19.)  Paragraphs 60 and 72, are also similar allegations that are even more vague—asserting that Mr. Warner and Foundation Fitness knew of the asserted patents and "took action . . . to cause acts of infringement" by others.  (Dkt. No. 166 at ¶¶ 60 and 72.)  Mr. Warner, likewise, refutes these allegations. (Warner Decl. at ¶¶ 17–19.)   None of the remaining allegations in the Amended Complaint, as best as counsel can tell, include detail that would otherwise directly link Mr. Warner to this jurisdiction or residents within this jurisdiction.

### a)     The Georgia Long-Arm Statute Does Not Reach Mr. Warner Because He Does Not Transact Business Within Georgia.

Powerbahn makes no effort to allege that Mr. Warner transacts business in the State of Georgia.  Powerbahn's allegations with respect to Mr. Warner, as set forth above, are insufficient to connect Mr. Warner with the State of Georgia or any of its residents.  Paragraphs 57 and 69 fail to allege how or where the alleged "sharing" of information with Wahoo took place, and Paragraphs 60 and 72 fail to allege how, where, or with whom Mr. Warner took action to allegedly induce infringement.  All other allegations in the Amended Complaint relating to Mr. Warner, fail to link Mr. Warner with Georgia or one of its residents at all.

8

Simply enough, Powerbahn is not able to allege that Mr. Warner transacted business within Georgia under subsection (1) of the Georgia long-arm statute.  Mr. Warner is a resident of the State of Colorado.  (Warner Decl. ¶ 4.)  Mr. Warner's limited physical presence in Georgia occurred decades ago,[3] prior to employment with Nautilus, Inc. or Foundation Fitness, or his involvement with Powerbahn or Mr. Radow, or any of the matters at issues in this lawsuit.  (Warner Decl. at ¶ 6.) Mr. Warner does not currently, and never has in the past, maintained a permanent mailing address, office, or telephone number in Georgia.  (Warner Decl. at ¶ 7.) Mr. Warner has never maintained a place of business in Georgia, and has never had any employees, agents, or representatives within Georgia. (Warner Decl. at ¶ 7.)  Mr. Warner has never personally conducted or transacted business in, directed activities to, or derived revenue from, Georgia or its residents.  (Warner Decl. at ¶ 8.)  Mr. Warner does not own, lease, or control any real or personal property located in Georgia.  (Warner Decl. at ¶ 9.)  Mr. Warner does not pay taxes in Georgia.  (Warner Decl. at ¶ 10.)  Mr. Warner does not maintain bank or financial accounts, or owe any financial debts or other obligations in Georgia.  (Warner Decl. at ¶ 11.)  Mr. Warner does not personally conduct any advertising, solicitation, marketing or other promotional activities in Georgia or directed

---

[3] With the exception of at least one layover since 2000 in the Atlanta airport while *en route* to another destination on a business trip.  (Warner Decl. at ¶ 6.)

9

toward Georgia or its residents.  (Warner Decl. at ¶ 12.)  Mr. Warner has not personally engaged in any persistent course of conduct, or derived substantial revenue from goods used or consumed or services rendered in the State of Georgia. (Warner Decl. at ¶ 13.)  Mr. Warner has never personally entered into a contract with a Georgia resident, nor has he ever entered into a contract to be performed, in whole or in part, in Georgia.  (Warner Decl. at ¶ 14.)

Though Mr. Warner does admit that he has had limited contact by telephone and email with Wahoo Fitness in his capacity as a corporate employee, such contact is unrelated to the actions forming the basis of this lawsuit.  (*See* Warner Decl. at ¶¶ 5 and 22.)  Specifically, Mr. Warner has not designed any product for Wahoo Fitness.  (*Id*. at ¶ 22.)  At most, Mr. Warner's team at Foundation Fitness may have provided some limited assistance in the mechanical design of the Kickr Smart Trainer and KICKR Snap Trainer.  However, neither Mr. Warner, nor his team, was involved in the development or design of the control or electrical system aspects that are relevant to the patents asserted in this litigation.  (*Id*.)  Moreover, Mr. Warner has no knowledge how Wahoo Fitness designed the control system of the KICKR Smart Trainer, KICKR Core Smart Trainer, or KICKR Snap Bike Trainer, or how their firmware is written or designed.  (*Id.*)  Further, Mr. Warner had no involvement in making, selling, offering for sale, marketing, or promoting

10

any Wahoo Fitness products (including but not limited to the KICKR Smart Trainer, the KICKR Core Smart Trainer, or the KICKR Snap Bike Trainer). (*Id.*)

Because Mr. Warner's limited contact with Wahoo Fitness does not form the basis of the instant lawsuit, such contacts do not extend personal jurisdiction over Mr. Warner under the Georgia long-arm statute. *Smith v. Air Ambulance Network, Inc.*, 207 Ga. App. 75 (1993) (noting the Georgia long-arm statute "requires that the cause of action arise from the act of transacting business in Georgia.").

For all the foregoing reasons, Powerbahn cannot show that Mr. Warner transacts business in the State of Georgia.

> **b)     The Georgia Long-Arm Statute Does Not Reach Mr. Warner Because He Did Not Commit A Tortious Act Within Georgia.**

To assert personal jurisdiction under subsection two (2) of the long-arm statute, a plaintiff must show that the defendant committed a tortious act in Georgia. The Georgia Supreme Court has acknowledged a distinction between a tortious act and a tortious injury committed in the state. *Innovative*, 279 Ga. at 674. A tort occurs where the actual injury or accident takes place, and not at the place of economic consequences of that injury. *Cold Smoke Capital LLC v. Gross*, No. 11-cv-3558-WSD, 2012 WL 3612626 at *5 (N.D. Ga. Aug. 21, 2012) (quoting *Atlanta Propeller Serv. Inc. v. Hoffman GMBH & Co.*, 191 Ga. App. 529, 530

(1989); *see also Huggins v. Boyd*, 304 Ga. App. 563, 565–66 (2010) (holding that conduct giving rise to offense occurred at the physical place where emails were sent); *Anderson v. Deas*, 279 Ga. App. 892, 893–94 (2006) (holding that allegedly tortious telephone conduct occurred where the "maker of the call speaks into the telephone."). "For purposes of general jurisdiction under Georgia's long-arm statute . . . when a defendant uses the telephone or email to contact a Georgia resident—defendant's conduct occurs at the place where defendant speaks into the telephone or types or sends his email." *LABMD, Inc. v. Tiversa, Inc.*, 509 F. App'x 842, 844 (11th Cir. 2013) (unpublished).

Here, Powerbahn's allegations relating to Mr. Warner, discussed above, are insufficiently pleaded to establish that Mr. Warner committed a tortious act in Georgia. Powerbahn fails to adequately provide detail as to how, where, and/or with whom Mr. Warner allegedly had contact with this forum. Notwithstanding, Mr. Warner also denies those allegations and denies having committed a tort in Georgia. (*See* Warner Decl. at ¶¶ 15, 18, and 19.)

> **c)** **The Remaining Sections of the Georgia Long-Arm Statute Likewise Do Not Reach Mr. Warner.**

As to the remaining subsections of the Georgia long-arm statute, they likewise do not reach Mr. Warner. To assert personal jurisdiction under subsection three (3) of the long-arm statute, a plaintiff must show that the defendant

12

committed a tortious injury in Georgia by an act or omission outside of Georgia. In that instance a plaintiff must also show that the defendant regularly does business or engages in persistent conduct in Georgia (which Powerbahn does not assert in its Amended Complaint, and which, as discussed above, Powerbahn cannot show with respect to Mr. Warner).  Notwithstanding Mr. Warner's denial as to committing a tort or causing or facilitating infringement, Mr. Warner does not does not engage in any persistent course of conduct in Georgia, and does not derive substantial revenue from goods used or consumed or services rendered in Georgia. (*See* Warner Decl. at ¶¶ 5, 8, 13, 15, 17–19,

Similarly, as attested in Mr. Warner's declaration, subsections (4)–(6) of the Georgia long-arm statute fail to reach Mr. Warner because he does not own, use, or possess any real property in Georgia (Warner Decl. at ¶ 9) nor has he been sued in any court in the State of Georgia prior to the instant and related lawsuits.  (Warner Decl. at ¶ 14.)

Apart from apparent guesswork, Plaintiff offers this Court nothing upon which a finding of long-arm personal jurisdiction over Mr. Warner could be based. For this and the foregoing reasons, Mr. Warner is not subject to jurisdiction in this Court pursuant to the Georgia long-arm statute.

## B.     Asserting Personal Jurisdiction over Mr. Warner Would Violate the Due Process Clause of the Fourteenth Amendment.

For a court to lawfully assert personal jurisdiction over a defendant, not only must the state's long-arm statute reach the defendant's conduct (which it does not here, as discussed above), but the assertion of such jurisdiction must also comply with the Due Process Clause of the Fourteenth Amendment, which "protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful 'contacts, ties or relations.'" *Licciardello v. Lovelady*, 544 F.3d 1280, 1284 (11th Cir. 2008) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 319 (1945)).  In that regard, due process requires that a nonresident defendant have "certain minimum contacts with the forum such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co.*, 326 U.S. at 316; *see also Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985) (explaining that "the constitutional touchstone [is] whether the defendant purposefully established minimum contacts in the forum State").

Due Process contemplates two types of personal jurisdiction: general jurisdiction and specific jurisdiction.  "Personal jurisdiction may be general, which arises from the party's contacts with the forum state that are unrelated to the claim, or specific, which arises from the party's contacts with the forum state that are

related to the claim." *The Nippon Credit Bank, Ltd. v. Matthews*, 291 F.3d 738 (11th Cir. 2002).  In the case of specific jurisdiction, the inquiry into personal jurisdiction focuses on "the relationship among the defendant, the forum, and the litigation." *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 775 (1984).  The Due Process Clause allows individuals a "fair warning" that particular activity may subject them to jurisdiction in a foreign court. *Burger King Corp.*, 471 U.S. at 472 (1985).  A nonresident's suit-related conduct must create a substantial connection with the state.  *Walden v. Fiore*, 134 S. Ct. 1115, 1121 (2014)).  Further, the connection to the forum must be one that the defendant himself makes, and not based on the actions of a third party or the plaintiff.  *Id*. at 1122; *Burger King Corp.*, 471 U.S. at 463.  The Eleventh Circuit applies a three-part test to determine whether the requirements of the Due Process Clause are met.  To assert personal jurisdiction over a defendant, the court must examine:

(1)    whether the plaintiff's claims arise out of or relate to at least one of the defendant's contacts with the forum;

(2)    whether the nonresident defendant purposefully availed himself of the privilege of conducting activities within the forum state, thus invoking the benefit of the forum state laws; and

(3)    whether the exercise of personal jurisdiction comports with the traditional notions of fair play and substantial justice.

68482801.4

*Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1355 (11th Cir. 2013) (quotations omitted).  The plaintiff bears the burden of establishing the first two prongs, and if the plaintiff does so, "a defendant must make a 'compelling case' that the exercise of jurisdiction would violate traditional notions of fair play and substantial justice.'" *Diamond*, 593 F.3d at 1267.

### 1. Powerbahn's Claims Do Not Arise out of or Relate to Any Contacts by Mr. Warner with the Forum.

The same facts that demonstrate the inapplicability of the Georgia long-arm statute to Mr. Warner are the same facts that demonstrate that Powerbahn's claims do not relate to any contacts Mr. Warner has with Georgia—because Mr. Warner has no personal contacts and his limited contacts in his employment capacity do not give rise to the claims at issues in the instant lawsuit.  Thus, Mr. Warner hereby incorporates by reference the same facts set forth in Section III.A.1.(a)–(c) above.

### 2. Mr. Warner Did Not Have Sufficient Minimum Contacts so as to "Purposefully Avail" Himself of the Privilege of Conducting Activities in Georgia.

A court in the Eleventh Circuit can apply two tests to determine whether a defendant had sufficient minimum contacts so as to "purposefully avail" himself of the privilege of conducting activities in the forum state.  The court may use either (or both) the "effects test" as articulated by the Supreme Court in *Calder v. Jones*, or the "traditional purposeful availment analysis." *Louis Vuitton*, 736 F.3d at 1356.

16

Applying either test, Mr. Warner did not purposefully avail himself of the privilege of conducting activities or business in Georgia.

> **a)      Applying the "Effects Test," Mr. Warner Did Not Purposefully Avail Himself of the Privilege of Conducting Activities in Georgia.**

Under the *Calder* effects test, for a tortious act to qualify as purposeful availment, the act must be: "(1) intentional; (2) aimed at the forum state; and (3) cause[] harm that the defendant should have anticipated would be suffered in the forum state." *Licciardello*, 544 F.3d at 1286.  A defendant "must have 'expressly aimed' his wrongful conduct, individually targeting a known forum resident.'" *Gregory v. Mihaylov*, No. 12-CV-2266-TWT, 2013 WL 75773, *6 (N.D. Ga. Jan. 4, 2013) (quoting *Licciardello*, 544 F.3d at 1287).

Here, Mr. Warner refutes all allegations by Powerbahn against him. (Warner Decl. at ¶ 17.)  Furthermore, he has never intentionally infringed or intentionally induced infringement of any of Powerbahn's asserted patents.  (Warner Decl. at ¶ 19.)  The other facts set forth in Section III.A.1.(a)–(c) above are further proof that Powerbahn cannot show that Mr. Warner committed any intentional acts aimed at Georgia that caused harm that Mr. Warner should have anticipated would be suffered in Georgia.  This Court therefore does not have personal jurisdiction over Mr. Warner.

68482801.4

> **b)** **Applying the Traditional Purposeful Availment Analysis, This Court Cannot Assert Personal Jurisdiction over Mr. Warner.**

Under the traditional purposeful availment analysis, a court can assert personal jurisdiction over a defendant only if (1) the defendant's contacts are related to the plaintiff's cause of action, (2) the defendant's contacts are sufficient to purposefully avail the defendant of the privilege of conducting activities in the forum, and (3) the defendant's "contacts with the forum must be such that the defendant should reasonably anticipate being haled into court there." *Securities & Exchange Comm'n v. Carrillo*, 115 F.3d 1540, 1542 (11th Cir. 1997).

As discussed at length above, Mr. Warner's individual contacts with the State of Georgia are virtually non-existent and his limited contacts in his employment capacity are such that they do not relate to Powerbahn's causes of action. Thus, his contacts are not sufficient for him to have purposefully availed himself of the privilege of conducting activities in the State of Georgia. Additionally, Mr. Warner's contacts are insufficient to demonstrate that he should have anticipated defending a suit in Georgia. As such, this Court lacks personal jurisdiction over Mr. Warner.

68482801.4

### 3. Asserting Personal Jurisdiction over Mr. Warner Does Not Comport with "Traditional Notions of Fair Play and Substantial Justice."

Even assuming *arguendo* that Mr. Warner did have sufficient minimum contacts with Georgia, the assertion of personal jurisdiction would still violate the Due Process Clause. Where a defendant has sufficient minimum contacts with a forum, those contacts must be evaluated against certain "reasonableness" or "fairness" factors which help protect a "defendant against the burdens of litigating in a distant or inconvenient forum." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292 (1980); *Louis Vuitton*, 736 F.3d at 1355. Factors a court must consider include: (1) the burden of the defendant in defending the lawsuit; (2) the forum state's interest in adjudicating the suit; (3) the plaintiff's interest in obtaining convenient and effective relief; and (4) the judicial system's interest in obtaining the most efficient resolution. *World-Wide Volkswagen Corp.*, 444 U.S. at 292.

An analysis of the *Woodson* factors in the context of this case prove it to be unreasonable to force Mr. Warner to litigate this suit in Georgia. First, Mr. Warner is a resident of Colorado, and that is where he works as an employee of Foundation Fitness, an Oregon limited liability company. (Warner Decl. at ¶¶ 3, 4.) It would be burdensome and expensive for Mr. Warner to travel from Colorado to defend

19

himself in a Georgia court.   Further, Powerbahn fails to assert whether the improper conduct alleged against Mr. Warner even occurred in Georgia. Notwithstanding, any evidence relating to Mr. Warner is likely to be in Colorado or in Oregon.

The Due Process Clause requires that a defendant have sufficient contact with a forum before he can be haled into court there.   Mr. Warner has no significant contact with Georgia, and Powerbahn fails to allege whether Mr. Warner's allegedly tortious acts even took place within the state.   He does not fall within the reach of Georgia's long-arm statute, and it violates the Fourteenth Amendment to force Mr. Warner to defend this suit in Georgia.   Accordingly, this Court does not have personal jurisdiction over Mr. Warner.

### 4.    This Court Lacks General Jurisdiction over Mr. Warner.

The due process requirements for general jurisdiction are "more stringent than for specific jurisdiction." *Consolidated Development Corp. v. Sherritt, Inc.*, 216 F.3d 1286, 1292 (11th Cir. 2000).   A party is subject to general jurisdiction when it has "continuous and systematic contacts" in the forum.   *Id*.   Given that Mr. Warner has virtually no personal contacts and limited contacts in his employment capacity with the State of Georgia, as discussed at length *supra*, it is not possible

for the Court to exercise the more restrictive, general personal jurisdiction over him. (*See* Warner Decl. at ¶¶ 4–22.)

## IV.   CONCLUSION

For the reasons set forth above, this Court does not have personal jurisdiction over Mr. Warner.  Accordingly, Plaintiff's claims against Mr. Warner should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(2).

Respectfully submitted this 14th day of May, 2019.

/s/ Keith J. Grady_____

Keith J. Grady
Admitted *pro hac vice*
kgrady@polsinelli.com
Graham L. Day
Admitted *pro hac vice*
gday@polsinelli.com
Polsinelli PC
100 S. Fourth St., Suite 1000
St. Louis, MO 63102
Telephone: 314.889.8000
Facsimile: 314.231.1776

Joseph C. Sharp
Georgia Bar No. 637965
jsharp@polsinelli.com
William B. Hill, Jr.
Georgia Bar No. 354725
wbhill@polsinelli.com
Polsinelli PC
1201 West Peachtree Street, Suite 1100

68482801.4

Atlanta, GA 30309
Telephone: 404.253.6000
Facsimile: 404.253.6060

Randal S. Alexander
Admitted *pro hac vice*
ralexander@polsinelli.com
Polsinelli P.C.
150 N. Riverside Plaza, Suite 3000
Chicago, Illinois 60606
Telephone: 312.873.1900
Facsimile: 312.873.1910

*Attorneys for Defendants*

## **CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1(C)**

I hereby certify that the foregoing has been prepared using one of the font and point selections approved by the Court in Local Rule 5.1(C). Specifically, this document was prepared using Times New Roman (14 point).

May 14, 2019                                        */s/ Keith J. Grady*_____

Keith J. Grady
Admitted *pro hac vice*
kgrady@polsinelli.com
Graham L. Day
Admitted *pro hac vice*
gday@polsinelli.com
Polsinelli PC
100 S. Fourth St., Suite 1000
St. Louis, MO 63102
Telephone: 314.889.8000
Facsimile: 314.231.1776

68482801.4

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on May 14, 2019, a true and correct copy of the foregoing was filed with the Court using the CM/ECF system, which will provide notice of service to the below counsel of record:

Daniel A. Kent
dankent@kentrisley.com
Stephen R. Risley
steverisley@kentrisley.com
Cortney S. Alexander
cortneyalexander@kentrisely.com
KENT & RISLEY
5755 N. Point Pkwy, Suite 57 Alpharetta,
GA 30022
Phone: (404) 585-4214
Fax: (404) 829-2412

*/s/ Keith J. Grady*_____

24