# EXHIBIT H

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of Georgia

| POWERBAHN, LLC | ) |
|---|---|
| Plaintiff | ) |
| v. | ) Civil Action No. 1:17-cv-02965-AT |
| FOUNDATION FITNESS LLC, et al. | ) |
| Defendant | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: TRAINER ROAD, LLC

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A

| Place: 10589 Doubler Blvd. Reno, NV 89521 | Date and Time: 08/05/2019 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 07/16/2019

CLERK OF COURT

_____           OR           *[signature]*
Signature of Clerk or Deputy Clerk                      Attorney's signature

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Cortney S. Alexander, who issues or requests this subpoena, are:

Kent & Risley LLC, 5755 N Point Pkwy Ste 57, Alpharetta, GA 30022, cortneyalexander@kentrisley.com, 404.855.3867.

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

Case 1:17-cv-02965-AT   Document 203-8   Filed 07/17/19   Page 4 of 8

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
       **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# Exhibit A

## DEFINITIONS AND INSTRUCTIONS

1. The terms "you" and "your" shall mean Trainer Road, LLC and its subsidiaries, affiliates, and divisions, as well as its employees, attorneys, agents, representatives, and investigators, and any other person or entity acting on its behalf or under its control.

2. The term "the '865 Patent" shall mean U.S. Patent No. 7,066,865.

3. The term "the '476 Patent" shall mean U.S. Patent No. 7,862,476.

4. The term "Asserted Patents" shall mean the '865 Patent and the '476 Patent, which are asserted in *POWERbahn, LLC v. Foundation Fitness LLC, et al.*, 1:17-cv-02965-AT (N.D. Ga.).

5. The term "Accused Products" shall, for purposes of these requests, mean the Wahoo KICKR trainer sold under various names including the KICKR Smart Trainer, KICKR Core Smart Trainer, and KICKR Snap Bike Trainer (including pre-2016 and post-2016 versions).

6. The term "POWERbahn Technology" shall refer to all products, systems, or functionalities owned, licensed, or developed by POWERbahn, including but not limited to the '865 and '476 Patents and the subject matter disclosed therein.

7. "Communications" means all oral or written communications, including, but not limited to, e-mails, text messages, online chats (e.g. Gchat or Slack messages), letters, phone calls, and in-person discussions.

8. "Date" means the exact day, month and year, if ascertainable, or if not, the best approximation (including relationship to other events) thereof.

9. "Identify," "identification," "describe," and "description" mean:

    1) with respect to a person, his or her name and present (or if unknown, the last known) place of employment, address, and telephone number, whether or not currently or formerly employed by Defendant, and, if applicable, date(s) of commencement and termination of employment with Defendant, job title, and description of his or her duties and responsibilities;

    2) with respect to a corporation or other legal entity, the full name, address, telephone number, and state or country of incorporation, if known, and the identity of the person(s) who acted on behalf of such entity with respect to the subject matter of the request or interrogatory; and

    3) with respect to a document, it shall include documents in your possession, custody or control; documents known by you to have

once existed, but no longer existing; and other documents of which you have knowledge or information, and

a) if the document has been produced, the Bates Number for the specific responsive page or pages and the Bates Number range for the entire document;

b) if the document has not been produced: the type of document (e.g., letter, contract, calendar pad, report); the number of pages of which the document consists; a general description of the document's contents; identification of the person(s) who prepared the document, the persons for whom it was prepared, the person who signed it, to whom it was delivered, mailed, or otherwise received, and the person to whom a copy was sent or otherwise received the date of writing, creation or publication; and the known or likely present location and identity of the custodian of that document.

10. These requests are to be regarded as continuing and, therefore, Defendant is to provide supplementary responses with any additional information, including that specified under Rule 26(e) of the Federal Rules of Civil Procedure, that may subsequently be obtained by Defendant or any person acting on

Defendant's behalf, which will augment or otherwise modify Defendant's responses.

## DOCUMENT REQUESTS

### REQUEST NO. 1.

All documents and communications referring or relating to POWERbahn, Scott Radow, the POWERbahn Technology, *POWERbahn, LLC v. Foundation Fitness LLC, et al.*, 1:17-cv-02965-AT (N.D. Ga.), *POWERbahn, LLC v. Foundation Fitness LLC, et al.*, 1:19-cv-01678-AT (N.D. Ga.), or either of the Asserted Patents, including without limitation any such communications with any of Foundation Fitness LLC, Wahoo Fitness, LLC, Wahoo Fitness Holdings, LLC, Patrick Warner, or any of their agents or employees.

### REQUEST NO. 2.

All agreements pertaining to exercise equipment to which you are a party that include a patent license.

### REQUEST NO. 3.

All agreements between you and any of Foundation Fitness LLC, Wahoo Fitness, LLC, Wahoo Fitness Holdings, LLC, or Patrick Warner.