# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

POWERBAHN, LLC, )
)
    Plaintiff, )
)
v. )
) Case No. 1:17-CV-02965-AT
FOUNDATION FITNESS, LLC, )
WAHOO FITNESS, LLC, AND )
PATRICK WARNER, )
)
    Defendants. )
)

# DEFENDANTS' REPLY IN SUPPORT OF ITS OBJECTIONS TO THE REPORT AND RECOMMENDATION REGARDING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OF INVALIDITY

## I.    Introduction

Plaintiff makes only one substantive argument in its response to Defendants' Objections—that the differing opinions of the experts on the meaning of certain claim terms present issues of fact that require the Court to deny summary judgment. But claim construction is exclusively for the Court to determine as a matter of law. The Special Master was wrong to conclude that disagreements between experts on two claim construction issues—raised by Plaintiff for the first time *after* the Court issued its claim construction order—create issues of material fact. The Court should reject Plaintiff's new and unsupported claim constructions and grant Defendants' motion.

Plaintiff's other arguments are procedural. Plaintiff is incorrect to suggest that Defendants' burden of proof on invalidity is heightened because the prior art in question was submitted to the Patent Office during prosecution. The law is clear that Defendants' burden is the same, regardless of whether the prior art was previously considered. Plaintiff's waiver and timeliness arguments are also incorrect and mischaracterize the record. Finally, Defendants' strategic decision to challenge the validity of the asserted patents in this Court rather than pursue an *inter partes* review is irrelevant to the merits of the dispute and Plaintiff was wrong to suggest otherwise.

## II. It was Error for the Special Master to Apply Plaintiff's New and Flawed Claim Constructions to Create Genuine Issues of Material Fact

Defendants' summary judgment motion demonstrates, by clear and convincing evidence, that the asserted claims of the '865 and '476 patents are anticipated by the Scholder '115 patent and the '253 publication. Having admitted that this prior art contains each and every element of the asserted claims as those claims have been construed by the Court in its claim construction order, Plaintiff attempts to manufacture fact disputes by injecting new, unsupported claim construction disputes into the case. The Special Master erroneously relied on those claim construction disagreements to recommend denying Defendants' motion.

### A. Plaintiff's "Real Life Activity" and "Subtraction" Constructions Are Not Consistent with the Plain Claim Language or the Court's Claim Construction Order

The plain language of the asserted claims does not require simulating a "real-life activity" or "subtraction," and the Court did not construe them to include such limitations. (Dkt. 154 at 32-33). Plaintiff presented its new claim construction arguments for the first time in the rebuttal expert report of Plaintiff's expert, well after the Court issued its claim construction order.[1] Not only did Plaintiff not raise these claim construction arguments during claim construction, it

---

[1] For the Court's convenience, a chart comparing the relevant claim terms, the Court's constructions of those terms, and Plaintiff's new constructions is attached as Exhibit 1.

never asked the Court to revise its claim construction order to incorporate its new positions. Instead, Plaintiff urges the Court to interpret these new claim construction disputes as disputes of material fact and deny Defendants' motion. The Court should reject this argument and grant Defendants' motion.

### 1. Claim Construction is a Question of Law

Disputes regarding the scope and meaning of patent claims must be decided as a matter of law. *Markman et al. v. Westview Instruments, Inc. et al.,* 517 U.S. 370 (1996). This legal determination must be made before the Court or a factfinder can make a determination of validity or invalidity. *Lemelson v. Gen. Mills, Inc.*, 968 F.2d 1202, 1206 (Fed. Cir. 1992) ("It is elementary in patent law that, in determining whether a patent is valid and, if valid, infringed, the first step is to determine the meaning and scope of each claim in suit.").

The Special Master erred by concluding that the parties' claim construction disputes create fact disputes sufficient to deny Defendants' summary judgment motion.[2] Instead of recommending denial, the Special Master should have applied the Court's existing claim constructions and concluded that the asserted claims are anticipated by the prior art. Alternatively, the Special Master should have

---

[2] None of the cases cited by the Special Master on pages 13-14 of the R&R found fact disputes existed based on disputes over claim constructions, and one of the cases (*Goldman v. Standard Ins.*) is an insurance case, not a patent case.

identified the claim construction issues and decided them or referred them to the Court to resolve before deciding the summary judgment motion.[3]

### 2. Plaintiff's New "Real-Life Activity" Claim Construction Argument is Unsupported and, if Adopted, Would Render the Claims Indefinite

After determining that Plaintiff had not waived its belatedly-raised claim construction arguments, the Special Master relied on Plaintiff's argument that the asserted claims require simulating "real-life activity like riding a bike" to find that there was a question of fact regarding whether Scholder anticipates the claims. (Dkt. 307 at 9-14, 23-25). The Special Master should have rejected the Plaintiff's new argument to import a "real-life activity" limitation into the claims because doing so is unsupported by the plain language of the claims and the intrinsic record. (*See, e.g.,* Dkt. 308 at 5-10). For example, importing a "real-life activity" into the claim would exclude embodiments described in the specification that don't simulate real-life activities. (*Id.*). Also, contrary to Plaintiff's argument, the prosecution history related to the Carmein and Thornton prior art does not support

---

[3] Defendants believe the Court can and should reject Plaintiff's new claim construction positions based on the briefing in the summary judgment motion and related objections to the Special Master's R&R. However, if the Court believes it would be helpful to receive supplemental briefing from the parties on the merits of Plaintiff's new claim construction arguments before deciding the invalidity summary judgment motion, Defendants' will do so promptly.

the addition of the "real-life" limitation. Those references were distinguished on technical grounds related to differences in the haptic equation disclosed in Carmein and the absence of a haptic equation in Thornton. (*Id.* at 9-10).

Importing a "real-life activity" limitation into the claims would also render them indefinite. (*Id.* at pp. 10-13). A person of ordinary skill in the art, reading the claims in light of the specification and prosecution history, would not be able to fairly discern what constitutes a "real-life activity." (*Id.*). There are no objective standards by which to determine how "real" the "real-life activity" has to be or what even constitutes an "activity" that satisfies the limitation the R&R recommends the Court import into the claims. The problem is not simply one of "degree," as Plaintiff claims. (Dkt. No. 309 at 13-14). The word "real" is hopelessly ambiguous and subjective, as Plaintiff's own expert admits. (Dkt. 308 at 12-13; Dkt. 267-08, 3/11/20 Lynch Dep. 178:5-23).

### 3. There is No Fact Dispute Regarding "Determining a Difference"

In concluding that a question of a fact exists as to whether the '253 publication anticipates Claim 28 of the '476 patent, the Special Master acknowledged that "Claim 28 does not set out that subtraction has to occur in order to determine a difference between the two values." (Dkt. 307 at 21). Yet, the Special Master relied on the contrary opinion of Plaintiff's technical expert to find

5

a fact issue. (Dkt. 307 at 22). This conclusion by the Special Master was wrong because the plain language of Claim 28 does not require subtraction in order to determine a difference between two values. The Special Master should have found that the '253 publication anticipates Claim 28.

As shown in Defendants' motion for summary judgment, the '253 publication discloses the "determining a difference" limitation. (Dkt. 262-1 and Dkt. 291). The '253 publication teaches that the resistance supplied by the brake or motor is controlled based on a comparison of the measured velocity to the calculated target, "virtual" velocity, and depending on whether the virtual velocity is greater than or less than the measured velocity, a change in resistance is made. (Dkt. 262-10, SOF at ¶¶ 137-139).

Plaintiff attempts to confuse the issue by referring to Defendants' expert's testimony about a dictionary definition of "difference." Defendants' expert agreed that the definition shown to him defined difference as "the answer after one quantity is subtracted from another *or the amount by which one quantity is greater or lesser than another*." (Dkt. 279 at 21 and 23 (emphasis added)). Plaintiff focuses only on the first portion of the definition and ignores the second portion— *the amount by which one quantity is greater or lesser than another*. This definition (from the same dictionary) supports Defendants' argument that "determining a

difference" between two variables may be satisfied by making a greater than or less than comparison, as disclosed in the '253 publication.

## III. Plaintiff's Procedural Arguments Are Unfounded
### A. Defendants Burden of Proof is Not Heightened

Plaintiff argues, without any legal support, that Defendants face a heightened burden of proof in this case because Scholder and the '253 publication were submitted to the Patent Office during prosecution of the asserted patents. (Dkt. 309 at 1-2). But Defendants' clear and convincing evidence burden of proof is the same even when the patent challenger relies on prior art considered by the PTO. *See Sciele Pharma Inc. v. Lupin Ltd.*, 684 F.3d 1253, 1260 (Fed. Cir. 2012).

Moreover, District Courts routinely rely on prior art identified during prosecution of a patent to invalidate a patent. *See, e.g., Tyler Refrigeration v. Kysor Indus. Corp.,* 777 F.2d. 687 (Fed. Cir. 1985) (affirming a district court's holding that the patents were anticipated based on prior art considered and applied in an office action to reject claims by the Examiner); *see also PharmaStem Therapeutics, Inc. v. ViaCell, Inc.*, 491 F.3d 1342, 1366-67 (Fed. Cir. 2007); *Allergan, Inc. v. Apotex Inc.*, 754 F.3d 952, 958-60; 962-66 (Fed. Cir. 2014); *Schering Corp. v. Geneva Pharm.*, 339 F.3d 1373, 1382 (Fed. Cir. 2003).

### B. Plaintiff's Waiver and Timeliness Arguments Are Unfounded

Plaintiff also argues that Defendants "failed to object to" certain issues

7

raised in the R&R or "waived" certain arguments concerning the invalidity of the asserted claims. These arguments are unfounded. Defendants have consistently objected to Plaintiff's arguments about its erroneous new interpretations of claim 16 of the '865 patent and claim 28 of the '476 patent, both during summary judgment briefing and in Defendants' objections to the R&R. (Dkt. 291 at 6-9; Dkt. 308 at 5-18).

For example, POWERbahn claims that Defendants failed to object to the Special Master's "conclusion" with respect to the claim element "a controller configured to control the resistance force applied to the moveable member by the force-generating device based, at least in part, on…a haptic equation incorporating an equation of motion of a human subject performing the physical activity being simulated." (Dkt. No. 309 at 2-4). The Special Master summarized Plaintiff's argument on this claim element as follows: "[T]he Scholder control system does not utilize a haptic equation, as required by Claim 16, because Scholder 'was concerned with making an exercise bike behave as if a 'large conventional flywheel were present,'" i.e., rather than simulating a human activity like riding a real bike. (Dkt. 307 at 11-12). In its objections to the R&R, Defendants expressly objected to the only conclusion that the Special Master reached with respect to this claim element—relying on the alleged failure of Scholder to disclose a "real-life"

activity to deny Defendants' summary judgment motion. (Dkt. 308 at 5-13).

Similarly, Plaintiff mischaracterizes the record when it claims that Defendants waived their arguments regarding elements 6 and 7 of claim 28 of the '476 patent. (Dkt. 309 at 19). Defendants explained in their summary judgment briefing how those elements were disclosed by Scholder. (Dkt. 262-1 at 32-34 and 27-29; Dkt. 291, p. 4, fn. 2 (reply brief incorporating by reference the opening brief arguments on these limitations)). The Special Master did not make any findings or recommendation concerning elements 6 and 7 and thus there were no further objections for Defendants to make. If anything, the Special Master's failure to address these particular claim elements indicates that there were no fact issues regarding these elements and that Scholder discloses them for the reasons stated in Defendants' Summary Judgment Brief. (*See* Dkt. 262-1 at 32-34 and 27-29).

Plaintiff also contends that Defendants' arguments concerning the "real life activity" limitation that Plaintiff seeks to add to the claim (Dkt. 309 at 9) were untimely raised and should be excluded. But each of the arguments raised by Defendants were in direct response to the Special Master's findings that Plaintiff's untimely claim construction arguments were not waived and that Claim 16 could be construed to require a "real-life activity." Thus, the record supports that Defendants asserted and thus preserved its right to object to the Special Master's

9

inclusion of the limitations in the claims, especially considering the Special Master found that Plaintiff's own arguments were not waived. (*Compare* Dkt. 308 at 5-15 with Dkt. No. 307 at 9-10).

### C. Defendants' Strategic Decision Not to Pursue *Inter Partes* Review Is Irrelevant

Plaintiff next suggests that Defendants' arguments "fall short in asking the Court to second guess the Patent Office" because Defendants elected not to seek *inter partes* review of the patents before the Patent Trial and Appeal Board. (Dkt. 309 at 2). A litigant's decision of whether or not to pursue *inter partes* review is not relevant to a claim of invalidity in the district court. An accused infringer has the option, not the obligation, to seek *inter partes* review of the asserted patents. The decision of which forum in which to challenge the validity of a patent involves a wide range of strategic and financial factors which may have nothing to do with the merit of a party's invalidity arguments. Finally, District courts routinely find patents invalid even where the patent challenger did not seek *inter partes* review.

For all of these reasons, Defendants are entitled to have all of its arguments considered, and having considered them the Court should find that Defendants are entitled to summary judgment based on invalidity.

Respectfully submitted this 11th day of December 2020.

/s/ Keith J. Grady

Keith J. Grady
Admitted *pro hac vice*
Keith.Grady@tuckerellis.com
Tucker Ellis LLP
100 S. Fourth St., Suite 600
St. Louis, MO 63102
Telephone: 314.571.4979
Facsimile: 314.256.2549

John P. Snow
Admitted *pro hac vice*
jsnow@polsinelli.com
Polsinelli PC
150 N. Riverside Plaza, Suite 3000
Chicago, IL 60606
Telephone: 312.873.1900
Facsimile: 312.873.1910

*Attorneys for Defendants*

Holmes J. Hawkins III
Georgia Bar No. 338681
hhawkins@kslaw.com
King & Spalding, LLP
1180 Peachtree St. NE
Atlanta, GA 30309

*Attorneys for Defendant Wahoo Fitness, LLC*

## **L.R. 7.1(D) CERTIFICATE OF FONT COMPLIANCE**

I hereby certify that the foregoing has been prepared with one of the fonts and point selections approved by the Court in Local Rule 5.1(C), the Northern District of Georgia, specifically Times New Roman 14 point.

/s/ *Keith J. Grady*