FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

JAN 27 2021

JAMES N. HATTEN, Clerk
By: /s/ Jamie Ahern
Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| IN RE: COURT OPERATIONS UNDER THE EXIGENT CIRCUMSTANCES CREATED BY COVID-19 AND RELATED CORONAVIRUS | GENERAL ORDER 20-01<br>Tenth Amendment |

## ORDER

General Order 20-01, dated March 16, 2020, as amended by Orders dated March 30, 2020; April 30, 2020; May 26, 2020; July 1, 2020; July 10, 2020; August 3, 2020; September 1, 2020; September 28, 2020, and December 8, 2020, addresses Court operations for the United States District Court for the Northern District of Georgia under the exigent circumstances created by the coronavirus pandemic and the spread of COVID-19. The Ninth Amendment to General Order 20-01, entered December 8, 2020, extended the time periods specified in the Order through and including February 28, 2021.

In anticipation of the expiration of its Ninth Amendment to General Order 20-01, the Court again considers whether national, state, and local COVID-19 conditions have sufficiently improved to permit the safe resumption of federal jury trials within the Northern District's courthouses. Although the daily COVID-19 infection rates and test positivity rates appear to be declining both nationally and in Georgia from their post-holiday highs, the numbers for each remain extremely high and continue to far exceed the high rates of infection experienced during the past summer. When the Court entered its Ninth Amendment, the seven-day average of new COVID-19 cases in Georgia was more than 4,500 cases per day. Despite a recent decline, Georgia's daily average for new

COVID-19 cases for the past seven days is now reported at 7,354 cases per day. Georgia's test positivity rate also has risen to double-digits and ranks eighth highest in the United States. Georgia hospital admissions per 100 beds is reported as fourth ranked nationally. These numbers far exceed those that existed when the Court entered its original order in March and are among the highest since the pandemic was declared. In its latest report this month, the White House Corona Virus Task Force reports that more than 95% of Georgia's 159 counties have high levels of community transmission and characterizes conditions in Georgia as consistent with "a full pandemic resurgence."

Conditions at the district level are not more favorable. Three counties in the Northern District: Gwinnett, Fulton, and Cobb, account for 24.7% of the new cases in Georgia.

While the COVID-19 vaccination program is now underway nationally and in Georgia, it is proceeding more slowly than anticipated. The Centers for Disease Control and Prevention reports that 1,235,775 doses of the vaccine have been distributed to Georgia, or 11,639 doses per 100,000 population. Approximately 534,161 people in Georgia have received one or more doses of the vaccine, or 5,031 people per 100,000 population. Georgia is in Phase 1a+ of its vaccination plan, and it could be several weeks - or longer - before vaccines are available to the general public. While the eventual impact on transmission of the COVID-19 infection remains unknown, at least six cases of the COVID-19 variant strain have now been identified in Georgia.

As noted in previous Orders, the President's declaration of a national emergency under the National Emergencies Act (50 U.S.C. § 1601 et seq.) due to COVID-19 has not

changed nor have the findings of the Judicial Conference of the United States that emergency conditions due to this national emergency have materially affected and will materially affect the functioning of the federal courts generally.

As stated in our previous amendments, the Court has suspended jury trials in the hope that COVID-19 could be contained, and its threat eliminated. Despite months of intense preventative measures, however, the significant threat presented by COVID-19 within the United States and in Georgia continues. While the introduction of vaccines represents a significant progress in the fight against COVID-19, a significant decline in the current COVID-19 infection rate within the District and an increase in the number of people vaccinated against the disease is still needed before this Court can safely resume jury trials. The Court does not foresee either a sufficient decline in infections or a sufficient increase in vaccinations before the end of February to resume jury trials in March.

Consequently, given the seriousness of the current conditions at the national, state, and district levels, the Court concludes that a further extension of the suspension of jury trials is required to allow conditions within the district to sufficiently improve so that counsel can adequately prepare for trial, and the health and safety of the public, those appearing before the Court, and the Court itself can be adequately safeguarded. Significantly, extension of the suspension of jury trials also will allow greater numbers of the bench, bar, and public to receive the COVID-19 vaccine before jury trials resume.

Therefore, **IT IS HEREBY ORDERED** that General Order 20-01, as amended, is <u>further amended</u> to extend the time periods specified therein through and including the date of April 4, 2021.

**IT IS FURTHER ORDERED** that while there will be no civil or criminal jury trials in any division of the Northern District of Georgia until after April 4, 2021, grand jurors may continue to be summoned and grand jury proceedings may continue to be held; and summonses may be issued to prospective jurors for civil and criminal jury trials scheduled to begin after April 4, 2021.

**IT IS FURTHER ORDERED** that the time period of any continuance entered as a result of this Order (whether that continuance causes a pre-indictment delay or a pre-trial delay) shall be excluded under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A), as the Court finds that the ends of justice served by taking that action outweigh the interests of the parties and the public in a speedy trial. Absent further Order of the Court or any individual judge, the period of exclusion shall be from March 23, 2020, through and including April 4, 2021. The Court may extend the period of exclusion as circumstances may warrant. This Order and period of exclusion are incorporated by reference as a specific finding under 18 U.S.C. § 3161(h)(7)(A) in the record of each pending case where the Speedy Trial Act applies. *See Zedner v. United States*, 547 U.S. 489, 506-07 (2006). The periods of exclusion in the Court's prior Orders on this subject, General Order 20-01 and


its subsequent amendments are likewise incorporated by reference as a specific finding under 18 U.S.C. § 3161(h)(7)(A) in the record of each pending case where the Speedy Trial Act applies.

**SO ORDERED** this _27_ day of January 2021.

_Thomas W. Thrash_
**THOMAS W. THRASH, JR.**
**CHIEF UNITED STATES DISTRICT JUDGE**